[Civ. No. 9370. First Appellate District, Division One.—January 17, 1935.]

H. C. CARTER, Respondent, v. MONTEREY COUNTY TRUST AND SAVINGS BANK (a Corporation) et al., Defendants; THOMAS LANIGAN, Appellant.

Hankins & Hankins for Appellant.

Harry L. Noland and Sisti Segretti, Jr., for Respondent.

JAMES, J., *pro tem.*—For an understanding of the points made on this appeal, and of our views thereon, a statement of the facts forming the background of the cause would seem to be convenient.

Appellant and respondent were neighboring land owners in the southern part of Monterey County. Disputes arose between them over the ranging of cattle on some of these lands, which resulted in a suit being filed by respondent herein against appellant for trespass damages. While this action was pending, negotiations were opened, which finally culminated in an agreement between them whereby appellant agreed to buy respondent's land, consisting of some 320 acres, for the sum of $1600. As appellant was procuring $960 of this sum through a loan from the Veteran's Welfare Board, an escrow was created with the defendant bank for the purpose of conveniently consummating the transaction. In pursuance of these agreements, respondent, by appellant's direction, executed his deed of the premises to the Veteran's Welfare Board and deposited it with the bank; and appellant deposited with the bank the balance of the purchase price above the welfare board's loan in the form of $440 cash and his promissory note for $200. In due course the deed was taken out and delivered to the welfare board, which paid over to respondent the sum of $960. Appellant then went into possession of the purchased lands. Respondent then went to the bank to get the balance of the purchase price, escrowed there by appellant, but the bank refused his demand because of a letter it had previously received from appellant. The letter, written some weeks after the escrow deposits had been made and addressed to the manager of the bank, contained the following directions, which are its only pertinent contents: "Am writing you this letter to instruct you not to deliver to Mr. H. C. Carter, of San Ardo, my check for $440.00, and my note for $200.00, until you receive notice from me that the suit brought by Mr. Carter

against me has been settled to my satisfaction, in court or otherwise.'' The escrow deposits had been made some time in June; the letter was dated July 23d; the bank's refusal, above noted, was shortly after July 29th.

During all the time, the trespass action of *Carter* v. *Lanigan* had been pending, and it came on to trial on August 18th. On the day of the trial, Lanigan (appellant here) filed a supplemental answer in that case, in which he set up the agreement of purchase and sale under discussion; alleged his fulfillment of all of its terms, his payment of the purchase price and his present ownership and possession of the lands; and further alleged that Carter (plaintiff in the trespass case, and respondent here) had agreed, as a part of the transaction, to dismiss the trespass action. He asked that Carter be estopped from maintaining the trespass action on these grounds; but insisted on his own cross-action in that case for damages.

On the trial of the trespass action the court found for Lanigan on the special defense set up in his supplemental answer; denied any damages to either party; and gave Lanigan judgment for his costs in the sum of $40.30. This judgment became final.

Thereafter, the escrow bank persisting in its refusal to deliver to Carter the balance of the purchase price still held by it, Carter commenced this action against the bank to recover the same. The appellant was made a nominal party, although no cause of action was stated against him, nor any relief demanded of him. The bank having failed to appear or answer, its default was duly entered. Appellant, however, appeared by a pleading denominated an answer, in which he sought affirmative relief against the plaintiff and the bank in the return to him of the escrowed $440 and promissory note for $200. Summons was issued on this pleading and duly served. The bank again defaulted.

In the affirmative matter set up by appellant in this pleading he alleged the existence of the previous trespass action; the agreement between the parties by which respondent agreed to convey the 320 acres to appellant or to whatever party he might designate and his own agreement to pay or cause to be paid therefor the sum of $1600; the actual conveyance of the property by respondent to the Veteran's Wel-

fare Board at his, appellant's, direction; the payment by the welfare board to respondent of the sum of $960; the deposit by appellant with the escrow bank of the balance of the purchase price in the form of $440 cash and his promissory note for $200; and further, that as part of said agreement respondent agreed to dismiss or cause to be dismissed the then pending trespass action. The pleading then goes on to allege that the deposit of the $440 cash and the $200 note were so deposited in escrow by appellant on the condition that they were to be delivered to respondent only on his dismissing or causing to be dismissed the said trespass action. It is next alleged that respondent failed, refused and neglected to dismiss said action; but caused the same to be prosecuted to a final judgment; and it set out the findings of the trial court in the trespass action, as hereinbefore noted. The pleading concludes with the allegations that appellant has fully performed the said agreement of sale; and that respondent has failed to do so, in that he failed to cause said trespass action to be dismissed. It may be noted also that in this answer appellant admits his continuous possession of the purchased premises and the retention by the escrow bank of the cash and note demanded; but he fails to allege any detriment suffered by him through the failure of respondent to dismiss the trespass action; and he likewise omits to state the final result of the trial of that action. It is interesting to note that he omitted mentioning the fact that he had in a cross-complaint for damages for alleged trespass, in the same action, filed long before the agreement of sale was made, and upon which that action was in part tried. These two latter omissions, however, were supplied on the trial of the present cause, by the introduction in evidence of the judgment roll in the trespass action.

Under these circumstances the present action was tried; and a judgment was rendered by the court below that plaintiff (respondent here) recover from the defendant bank the $200 note of Lanigan and $399.70 of the $440 cash so escrowed. The latter sum was reduced to the allowed sum by deducting therefrom the sum of $40.30 which it was found was the detriment suffered by appellant by reason of respondent's failure to dismiss the trespass action.

From this judgment appellant appeals, presenting these somewhat novel points to support his appeal: 1. That re-

spondent, having breached his contract by failing to dismiss the trespass action, is not entitled to enforce its terms in his own behalf; 2. That the findings of the court in the trespass action that the agreement to dismiss was a part of the contract, and that the respondent had breached the same, were *res judicata* on those matters and barred respondent of any relief herein. Several other points are presented on this appeal; but they are incidental to the stated questions.

That the general rule is as stated by appellant may be conceded; but its application to the situation of the parties here would appear to be somewhat unreasonable. In the plea in bar which appellant urged to the trespass action, he asserted his full compliance with his part of the contract. His sole obligation under that contract was to pay the purchase price of $1600. His allegation that he had fully performed was, in effect, an allegation that he had paid the $1600. If he paid it, he parted with it. The consideration he was to receive was a conveyance of the lands, and the dismissal of the trespass action. He had the conveyance, and possession and enjoyment of the lands; and the trespass action is dismissed. True, the dismissal was not voluntary on the part of respondent, and took the form of a judgment in appellant's favor; but the result was the same. And it was accomplished by appellant's own plea in bar, and his demand for the enforcement of a controverted element of the contract. Having fully prevailed in his contentions, and having acquired and held all the considerations and advantages he claimed under the contract, he now seeks to recover a substantial part of the consideration which he alleged he had paid therefor. He would falsify, in this action, his assertion of full performance made in the trespass case. We know of no rule of law, or principle of equity, which would sustain him in such a course.

Given its widest range, appellant's grievance is nothing more than the difference—if there is any—between a voluntary dismissal of the trespass action, as agreed to, and the judgment therein, in his favor, obtained by his assertion of his right thereto under the contract. We can see no reason for him to complain of a situation produced by his own voluntary action. When respondent failed to dismiss, appellant had a number of courses open to him. He chose to stand on the contract, and demand its performance in

full. In effect, he sought and obtained, as far as he was concerned, a specific enforcement of the contract. Having done so, he cannot himself refuse to perform.

In passing this subject, we may pause to remark that a dismissal of the trespass action by the voluntary act of respondent may have been attended by some difficulty, in the presence of appellant's cross-complaint in that action, upon which he was apparently insisting.

The foregoing views would seem to render unnecessary any serious discussion of the second general ground of appeal; but inasmuch as the subject has occupied so considerable a place in the briefs on file herein, we will give it our consideration.

■ The doctrine of *res judicata* is one of repose. It rests on two maxims—"a man should not be twice vexed for the same cause", and "it is for the public good that there be an end of litigation". A fact or issue once finally determined on the merits by a court of competent jurisdiction may not again be put in issue in any subsequent litigation between the same parties or their privies. But the rule has no application in another or different litigation, between other or different parties. In its very nature and design it is an armor of defeuse—not a weapon of attack. The adjudication here sought to be interposed as a bar to respondent's action was had in the trespass action, between appellant and respondent. ■ The instant case, as originally framed, was primarily one between respondent, as plaintiff, and the bank, as defendant; and the only relief sought was against the bank. Appellant was named as a defendant, but no cause of action was stated against him, and no relief demanded of him. He was not a necessary party to the action. In such case, the bank could not have availed itself of this defense; and neither was appellant in a position to do so. Respondent was not seeking to relitigate any issue with appellant. To the contrary, he was accepting the situation as made for him by appellant.

The invocation of the doctrine of *res judicata* can add nothing to appellant's position herein.

We have carefully considered the findings of the court below, in the light of appellant's contention that they are inconsistent; but can find therein no such inconsistency as would justify a reversal.

Finally, appellant complains that the trial court was not justified in fixing the sum of $40.30 as damages suffered by him because of respondent's failure to dismiss the trespass action, and deducting that amount from the purchase price balance escrowed with the bank. He asserts that no such damage was pleaded or claimed, and no evidence adduced on the subject. In this contention we are convinced appellant is right.

The cause is remanded, with instructions to the court below to amend its judgment herein by increasing the amount of respondent's recovery in cash from the sum of $399.70 to the sum of $440; and, as amended, the judgment is affirmed. Respondent will recover his costs on appeal.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 16, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 18, 1935.