[Civ. No. 5320. Third Appellate District.—March 14, 1935.]

BRUCE H. SUTLIFF, Plaintiff, v. W. J. DEMPSEY et al., Defendants and Appellants; FIDELITY AND DE-POSIT COMPANY OF MARYLAND, Defendant and Respondent.

W. E. Davies for Appellants.

Homer Lingenfelter for Respondent.

THOMPSON, J.—The respondent has moved to dismiss the appeal of the defendants Dempsey and Gordon from an order of the Superior Court of Yuba County which was entered subsequent to the rendering of final judgment. The motion to dismiss the appeal is based upon rule XXIX of the Rules for the Supreme Court and District Courts of Appeal, for failure to properly authenticate the pleadings and proceedings involved.

Judgment was rendered against the defendant Fidelity and Deposit Company of Maryland as surety on a guardian's bond in the estate of a minor, for the full amount of its liability in the sum of $2,250. The same judgment held the codefendants Dempsey and Gordon liable on another bond in the same estate for the additional sum of $1,014.82. The defendant surety company promptly paid the judgment and filed its notice and demand for contribution from the other defendants as provided by section 709 of the Code of Civil Procedure. Upon proceedings duly had the court ordered that an execution issue against the defendants Dempsey and Gordon to satisfy their proportion of the judgment. Thirty-six days after this order for execution was made, notice of appeal therefrom was served and filed pursuant to section 940 of the Code of Civil Procedure.

The appeal was not taken under the provisions of section 953a of the Code of Civil Procedure. No notice was served upon the clerk as required by that section of the code requesting him to prepare the transcript of proceedings. Neither was a bill of exceptions prepared or settled pursuant to section 650 of the Code of Civil Procedure. All that does appear on appeal to this court is a purported transcript which does contain the pleadings and proceedings together with the notice of appeal. There is no certificate of the trial judge settling a bill of exceptions or even vouching for the validity or accuracy of the documents which are contained in the transcript. The record contains no certificate of the judge. All that the record on appeal does contain regarding the authenticity of the pleadings and proceedings is the clerk's certificate to the effect that the pleadings, proceedings and minute orders which are contained in the printed transcript are full, true and correct copies of the originals which appear in the record of the case. The

certificate does not certify that they are the only proceedings and orders which appear in the records of that court.

The appellants have failed to comply with the provisions of rule XXIX of the Rules for the Supreme Court and District Courts of Appeal, or with the provisions of section 953a of the Code of Civil Procedure. It has been frequently held that the judge of the trial court is the only one authorized to authenticate the pleadings, proceedings and documents used upon a hearing before him, either by settling a bill of exceptions or in the manner provided by section 953a of the Code of Civil Procedure. (*Patterson* v. *Rutherford*, 39 Cal. App. 647 [179 Pac. 704]; *Muzzy* v. *D. H. McEwen Lumber Co.*, 154 Cal. 685 [98 Pac. 1062].) The record in this case lacks due authentication.

The appeal is dismissed.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 13, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 13, 1935.