[Civ. No. 6380. Third Appellate District.—June 5, 1940.]

SILVESTER A. DRUMMOND et al., Plaintiffs, v. JOHN T. DRUMMOND et al., Respondents; CORA M. DRUMMOND, Appellant.

Cora M. Drummond, *in pro. per.*, for Appellant.

John T. Drummond and Pearl G. Drummond, *in pro. per.*, for Respondents.

THOMPSON, J.—Cora M. Drummond has appealed from a judgment quieting title to real property in the respondents. It is contended the evidence fails to show delivery by the grantor or acceptance by the grantees of the deed of conveyance. A motion for new trial was denied.

December 29, 1933, the plaintiff, Silvester A. Drummond, then unmarried, executed and recorded his deed of conveyance to lots 7 and 9, block 55 of Artesian tract of Los Angeles, to the respondents, who are his son and daughter. February 16, 1934, in contemplation of marriage, Silvester A. Drummond executed his written agreement to convey to the appellant, Cora M. Morgan, the lots in question, together

with other property. They were subsequently married. Silvester attempted to convey to his wife a joint interest in the lots by his deed dated March 1, 1934. Dissensions soon arose between the spouses and the wife commenced a suit for divorce. He filed an answer and cross-complaint, also asking for divorce. November 8, 1935, an interlocutory decree of divorce was awarded Silvester. That decree determined that lots 7 and 9, above referred to, were the community property of the spouses and it purported to distribute an undivided one-half interest in the lots to each of them. August 12, 1936, after an attempt at reconciliation, these plaintiffs joined in a suit to quiet title to said lots. The defendants denied the allegations of the complaint and affirmatively alleged they were ''sole owners of the property'', praying that title thereto be quieted in them. The court adopted findings to the effect that Silvester A. Drummond, by his deed dated December 29, 1933, voluntarily made, executed and delivered title to the lots in question to John T. Drummond and his wife Pearl, as a gift, and that the deed was duly accepted by them. The court further found that these plaintiffs had no right, title or interest in the property. A decree was accordingly rendered quieting title to the lots in these defendants. Affidavits of Cora M. Drummond and Anthony C. Kolda on motion for a new trial were filed and are found in the record. The motion for new trial was denied. From the judgment quieting title, Cora M. Drummond has appealed, but Silvester did not join therein. This appeal is presented on a bill of exceptions. The affidavits are not included in the bill of exceptions and are not authenticated as having been used on the motion for new trial.

By the amendment to section 963 of the Code of Civil Procedure in 1915, the right of appeal from an order denying a motion for new trial was abrogated. No such right of appeal now exists. (*Hughes* v. *De Mund,* 195 Cal. 242, 247 [233 Pac. 94]; *Hurd* v. *Walker,* 9 Cal. App. (2d) 525 [50 Pac. (2d) 1074]; 20 Cal. Jur., p. 213, sec. 139; 2 Cal. Jur., p. 174, sec. 34.) But the right to review an order denying a motion for new trial may, nevertheless, be exercised *on appeal from the judgment* if the alleged error is properly presented by a bill of exceptions or otherwise. (Sec. 956, Code Civ. Proc.; *Hughes* v. *De Mund, supra.*) Since the affidavits on motion for new trial are not included in the bill of ex-

ceptions, and are not otherwise authenticated as having been used on that motion, we may not resort to them for proof of any fact therein stated. ▮ The clerk merely certified that the affidavits are true copies of documents on file "which are a part of the judgment-roll". He does not certify they were used or read on the motion for new trial. Nor does he certify that no other affidavits or evidence were adduced on that hearing. He is not authorized to certify to those facts. (2 Cal. Jur. 607, sec. 329.) Affidavits on motion for a new trial are not a part of the judgment roll. (Sec. 670, Code Civ. Proc.) In the case of *Sutliff* v. *Dempsey,* 5 Cal. App. (2d) 246 [42 Pac. (2d) 677], it is said:

"It has been frequently held that the judge of the trial court is the only one authorized to authenticate the pleadings, proceedings and documents used upon a hearing before him, either by settling a bill of exceptions or in the manner provided by section 953a of the Code of Civil Procedure. (*Patterson* v. *Rutherford,* 39 Cal. App. 647 [179 Pac. 704]; *Muzzy* v. *D. H. McEwen Lumber Co.,* 154 Cal. 685 [98 Pac. 1062].)"

We are therefore impelled to hold the motion for a new trial was properly denied.

▮ There is substantial proof to support the findings and judgment that the previous deed of conveyance of lots 7 and 9 in question to the respondents was executed, delivered to and accepted by the grantees. The evidence that Silvester A. Drummond executed and recorded his deed with the intention of divesting himself of title to the lots and of thereby making a gift of them to his son and daughter is entirely satisfactory. He testified in that regard:

"I did execute this deed. . . . Q. They were not present, and knew nothing about it? A. Yes sir; of my own free will and accord I did it. . . . Q. And did they promise you they would (deed those lots back)? A. Said they would, but never did,— . . . they said they wanted me to enjoy it. . . . (By the Court): Q. At the time you made the deed to your son and daughter did you intend to give them the property? A. Well, if I deeded the property to them and recorded it, I certainly was doing that for them. I intended to give it to them. . . . I told them I had made it for them, that I had it recorded but hadn't seen them. . . . Q. What was your intention at the time you made that deed? A. My intention

was to give the deed to them when I saw them. I had no other thought in mind at all. Q. Did you at any time intend to vest title in John and Pearl Drummond? A. I did.

The deed, which was dated December 29, 1933, was recorded the following day, with an endorsement thereon, "When recorded, please mail this instrument to S. A. Drummond." The deed is also endorsed "Recorded at request of Grantee." In the record there is a distinct check after the word "Grantee" to indicate that fact. This furnishes substantial evidence of an execution and recording of the deed by the grantor with the intention to thereby convey title to the lots to his son and daughter. The grantor distinctly said that was his purpose. He saw the grantees within a few days after the execution of the deed and told them what he had done. He knew he had thereby divested himself of title to the lots for he asked them to reconvey them to him. They refused to do so, saying they wanted him to enjoy the property. It is reasonable to assume they retained the title to the lots because they knew he was about to consummate an ill-advised marriage and might lose the property. The grantor did not manually deliver the deed to the grantees, but he told them he had conveyed the property to them as a gift. There is evidence that they exercised dominion over the instrument by requesting that it be recorded. That request with full knowledge of the transaction and the intention of the grantor to give them the property, together with their refusal to reconvey the lots to him, furnishes ample evidence of constructive delivery of the deed and acceptance of the gift.

Manual delivery of a deed to the grantee is not essential to the passing of title. No particular form of delivery is required. Delivery and acceptance of a deed may be manifested by the declarations, acts and conduct of the parties. (*Kenniff* v. *Caulfield*, 140 Cal. 34 [73 Pac. 803] ; *Follmer* v. *Rohrer*, 158 Cal. 755 [112 Pac. 544] ; 4 Tiffany on Real Property, 3d ed., p. 199, sec. 1034.) In the authority last cited it is said in that regard:

"The crude conception of a manual delivery of the instrument as the only means of making it legally effective . . . has been superseded by the more enlightened view that whether an instrument has been delivered is a question of intention merely, there being a sufficient delivery if an inten-

tion appears that it shall be legally operative, however this intention may be indicated. . . . The fact that the grantor retains possession of the instrument is immaterial. . . . A declaration to such third person of an intention that the deed shall take effect would seem to be quite as effective as a manual transfer to him.''

■ When the execution and delivery of a deed with the intention of thereby conveying title to the grantee is satisfactorily established, neither the subsequent collection of rental therefrom, the mortgaging of the property without the knowledge or consent of the grantee, nor the attempt to convey it to another person, will vitiate the title of the grantee. (*Shaver* v. *Canfield*, 21 Cal. App. (2d) 734 [70 Pac. (2d) 507].) The subsequent attempt of Silvester A. Drummond to deed the property to his wife March 1, 1934, was ineffectual and void.

In the present case the unqualified declarations of the grantor leave no doubt he intended to execute and record the deed as an absolute gift of the property to his son and daughter. His subsequent statement of that fact to the grantees and their refusal to reconvey the property to him constitute evidence of their entire approval and acceptance of the gift of property. The fact that the deed was recorded ''at the request of the grantees'' corroborates the grantor's evidence of a conveyance of title. Moreover, section 1055 of the Civil Code provides that ''A grant duly executed is presumed to have been delivered at its date.''

■ The introduction of the interlocutory decree of divorce which found that the lots in question were the community property of the spouses and which attempted to award the property to them in undivided shares, is not *res judicata* with respect to their title thereto. The grantees in the previous valid deed of conveyance of those lots were not parties to that divorce proceeding. ■ It is a well-established rule that one is not estopped from denying the effect of a judgment on the doctrine of *res judicata* when he was neither a party to the action in which the judgment was rendered nor in privity thereto. The estoppel created by the doctrine of *res judicata* is available only to those who were parties to the prior action or who were in privity with such parties. (*Carter* v. *Monterey County Trust & Savings Bank,*

3 Cal. App. (2d) 648, 654 [38 Pac. (2d) 583]; 15 Cal. Jur. 97, sec. 166; 34 C. J. 973, sec. 1391; 15 R. C. L. 949, sec. 429.)

■ The plaintiffs were not restricted in their attempt to fully examine Silvester A. Drummond regarding his intention in executing and recording his deed of conveyance to his son and daughter. He testified fully regarding that subject. All of the deeds in question and the interlocutory decree of divorce were received in evidence. The prenuptial property settlement agreement was presented to Silvester A. Drummond on his examination as a witness and he admitted that he signed the instrument. It was not offered in evidence but its contents were fully disclosed to the court as it appeared in the affidavit of Cora M. Drummond, on file, and 'as it is referred to in the interlocutory decree of divorce. There appears to have been no error in restricting the examination of the witness in that regard.

■ The appellant may not complain of the ruling of the court excluding from the evidence a letter written by Silvester A. Drummond in which he apparently confirmed his intention in executing and recording the deed to his son and daughter to have been to thereby divest himself of title to the lots and to have conveyed them to the grantees as an absolute gift. This letter constituted hearsay evidence. It was offered in evidence by the attorney for the defendants, and not by the appellant. The court sustained plaintiff's objection to that letter. There was no request on the part of plaintiffs to inspect or use that letter on cross-examination of the witness.

We have examined all of the other assignments of error. Some of them are obscure and uncertain in their meaning. We are satisfied there is no merit in any of these assignments of error.

The judgment is affirmed.

Tuttle, J., and Pullen, P. J., concurred.