[Civ. No. 6926.   Third Dist.   Apr. 21, 1943.]

ANTHONY BONFILIO, Appellant, v. SAM J. GANGER et al., Respondents.

Joseph H. Huberty for Appellant.

Virgil M. Airola for Respondents.

THOMPSON, J.—A motion to withdraw the transcript on appeal, for the purpose of procuring the certificate of the trial judge, was made to this court. The respondents subsequently filed notice of motion that the order from which the appeal is taken be affirmed for lack of record showing error. This court reserved its rulings on the motions which were submitted for consideration.

October 31, 1939, the plaintiff filed a suit for injunctive relief against the defendants to prevent the dumping of sewage on his property in Calaveras County. The defendants were served with summons. Pending an effort on the part of the citizens of the town of Valley Springs, adjacent to which the plaintiff's property is located, to create a sanitary district pursuant to law, from the organization of which it was anticipated the alleged nuisance would be abated, the time for the appearance of the defendants was repeatedly extended. Finally the defendants were urged to and did file a demurrer to the complaint on April 25, 1941. The demurrer was overruled and the defendants were granted ten days in which to answer. They failed to answer within that time. After notice and upon demand, the default of the defendants was duly entered. Judgment by default was rendered October 23, 1941. On motion of the defendants, the judgment and default were vacated and set aside pursuant to section 473 of the Code of Civil Procedure, on the ground of mistake and excusable neglect. That motion was presented on affidavits of the respective parties. From the order setting aside the judgment and default, the plaintiff has appealed. It is contended the granting of that motion constituted an abuse of discretion on the part of the trial judge.

The transcript on appeal was prepared under section 953a of the Code of Civil Procedure. It contains some of the pleadings and proceedings on motion to set aside the judgment, together with the affidavits presented at that hearing. The documents and proceedings contained in the transcript are certified by the clerk to be "full, true and correct" copies of the originals. The transcript contains no certificate

of the trial judge. For that reason the respondents have moved to affirm the order.

The transcript is defective. The affidavits are no part of the judgment roll. (Sec. 670, Code Civ. Proc.; *Drummond* v. *Drummond*, 39 Cal.App.2d 418, 422 [103 P.2d 217].) It has frequently been held the judge of the trial court is the only one authorized to authenticate "the pleadings, proceedings and documents used upon a hearing before him." (*Sutliff* v. *Dempsey*, 5 Cal.App.2d 246 [42 P.2d 677].)

■ The appellant's motion to withdraw the transcript to have it properly certified was filed in this court prior to respondents' motion to affirm the order from which the appeal is taken. We are of the opinion the appellant's motion to withdraw the transcript to procure the judge's certificate should be granted, in the interest of justice. In the case of *Union Oil Co. of Calif.* v. *Basalt Rock Co., Inc.*, 28 Cal.App. 2d 87 [81 P.2d 977], it was held that a motion to withdraw the transcript on appeal to procure the certificate of the trial judge, under circumstances similar to those which are involved in this case, should be granted. The court said:

"As held in several recent cases, an appellate court having jurisdiction of a record may properly authorize the temporary withdrawal thereof at any time during the pendency of the appeal for the purpose of correction or amendment in conformity with the direction of the appellate court; and to that end that it will disregard technical objections and look with favor upon the making of such amendments as will enable it to dispose of the appeal on the merits."

Several cases are cited in support of the preceding statement of law.

On the authority last cited the motion to withdraw the transcript on appeal for the purpose of procuring the certificate of the trial judge is granted. The motion to affirm the order is therefore denied.

Adams, P. J., and Peek, J., concurred.