[Civ. No. 7280.   Third Dist.   June 21, 1946.]

THELMA DOROTHY ENGASSER, Respondent, v. MEL-
VIN JACOB ENGASSER, Appellant.

King & Savage, Albert M. King and William M. Savage
for Appellant.

Goldstein, Barceloux & Goldstein for Respondent.

THOMPSON, J.—The defendant has appealed from an order modifying a final decree of divorce by awarding the custody of Gary Roger Engasser, a 4-year-old boy, the issue of the marriage, to the mother with the privilege of removing the child from the State of California. Subsequent to the rendering of the final decree of divorce, plaintiff married M. V. Lamb, serving in the United States Army Air Force, whose home is in the State of Ohio. The plaintiff moved this court to dismiss the appeal on the ground that appellant failed to procure or file in this court a transcript or bill of exceptions of the proceedings on motion for a modification of the decree of divorce with respect to the custody of the minor child, within the time allowed by law, or at all, that the trial judge has not certified to the record on appeal, or any part thereof, and that the clerk of the trial court has merely certified to the accuracy of the documents contained in the judgment roll.

The interlocutory decree of divorce, which was rendered September 30, 1944, determined that both spouses are fit and proper persons to assume custody of the minor child, and awarded the custody of the child to each spouse for a period of six months each year. The final decree, which was rendered and entered October 15, 1945, approved the preceding award of custody. Plaintiff subsequently moved to modify the decree of divorce so as to award to her the sole custody of said minor child, and to permit her to take the child with her to her home "outside of the State of California." Both parties were represented by counsel at that hearing. Affidavits were filed in behalf of the respective parties, and the order of the court recites that evidence was presented. The affidavits are included in the record on appeal, but they are not endorsed as presented or read upon that hearing. This court has no means of determining what evidence was adduced at that hearing. The court subsequently filed its written order January 14, 1946, modifying the decree of divorce and awarding the custody of the child to plaintiff with the "right to take said minor child outside of the State of California," but granting the defendant the privilege of visiting the child at "all reasonable times and places."

From the foregoing order the defendant gave notice of appeal, January 17, 1946. No transcript of evidence has been prepared or filed. No bill of exceptions has been settled. Upon notice duly served and filed, the plaintiff moved this court on June 5, 1946, to dismiss the appeal as previously

stated. The record on appeal contains no certificate of the trial judge. The clerk of the trial court merely certified to the correctness of the documents constituting the judgment roll.

The motion to dismiss the appeal should be granted.

█ On appeal from a judgment or order of the trial court, in the absence of a duly authenticated transcript of evidence or bill of exceptions, every presumption is in favor of the validity of the judgment or order, and necessary facts consistent with its validity will be presumed to have existed rather than one which may defeat it. (*Borenstein* v. *Borenstein*, 20 Cal.2d 379 [125 P.2d 465].) █ On appeal this court may not consider affidavits, even though they may be included in the proceedings on appeal, unless they are certified by the trial judge to have been considered by him on the motion to modify the judgment. Nor may the order be disturbed on appeal unless the trial judge certifies "that the record contains *all* of the evidentiary matter so used or considered." (*Wynecoop* v. *Superior Court*, 17 Cal.2d 657 [111 P.2d 332].) The transcript on this appeal is defective. The affidavits are no part of the judgment roll. (Code Civ. Proc., § 670; *Drummond* v. *Drummond*, 39 Cal.App.2d 418, 422 [103 P.2d 217]; *Bonfilio* v. *Ganger*, 58 Cal.App.2d 315 [136 P.2d 632].) It has been frequently held that the judge of the trial court is the only one who is authorized to authenticate documents used and considered by him upon a hearing. (*Sutliff* v. *Dempsey*, 5 Cal.App.2d 246 [42 P.2d 677].)

█ Under the circumstances of this case, in the absence of a duly authenticated transcript of evidence pursuant to former section 953a of the Code of Civil Procedure and rule 4 of Rules on Appeal or a settled statement as provided by rule 7, the appeal must be heard and determined on the judgment roll only. (*Culver* v. *Culver*, 65 Cal.App.2d 149 [150 P.2d 295].) It is not contended that error appears upon the face of the judgment roll. █ Every presumption is in favor of the validity of the order modifying the decree of divorce with respect to the custody of the minor child.

We must presume that the evidence which was adduced at the hearing of the motion to modify the decree adequately shows that it was for the best interest of the 4-year-old minor child to award it to the custody of the mother, and that it was likewise for the best interest of the minor that the mother be permitted to take the child outside of the State of California.

(*White* v. *White,* 68 Cal.App.2d 650 [157 P.2d 415]; Civ. Code, § 138; *Roosma* v. *Moots,* 62 Idaho 450 [112 P.2d 1000]; 27 C.J.S. § 313, p. 1179.)

The motion is granted and the appeal is dismissed.

Adams, P. J., and Peek, J., concurred.