[Civ. No. 14278.  First Dist., Div. Two.  July 13, 1950.]

PEARL L. McGRATH et al., Appellants, v. PAULINE YOUNG et al., Respondents.

Reynald J. Bianchi for Appellants.

Fred C. Hutchinson, City Attorney, and Robert T. Anderson, Assistant City Attorney, for Respondents.

NOURSE, P. J.—Petitioners sued in mandamus to review the order of the Fire Pension Board denying them a pension claimed for the death of their husband and father. The proceedings in the superior court were had on a transcript of the evidence taken by the pension board and of that taken before the Industrial Accident Commission in a separate proceeding which was compromised and settled. No new evidence was offered in the superior court.

The pension board based its order on a finding that deceased "died as a result of a coronary occlusion" and that he "did not lose his life as a direct result of the actual performance of his duty." After reviewing the entire record of the proceedings before the board and the record before the Industrial Accident Commission, the trial court found that deceased "did not lose his life as a direct result of the actual performance of his duty and that his work as a fireman did not cause his fatal heart condition." On these findings judgment was entered denying the relief sought.

On this appeal the appellants cite at length the evidence favorable to them and ask us to evaluate the testimony taken before the pension board to determine that the weight of the evidence is against the judgment, and also to hold that the compromise settlement before the Industrial Accident Commission was an adjudication favorable to deceased. This is not the function of the appellate court. The Supreme Court has repeatedly held as in *Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689] : "The rule as to our province is: 'In reviewing the evidence . . . all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. It is an elementary . . . principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any *substantial* evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court.' (Italics added.) (*Crawford* v. *Southern Pacific Co.* (1935), 3 Cal.2d 427, 429 [45

P.2d 183].) The rule quoted is as applicable in reviewing the findings of a judge as it is when considering a jury's verdict. The critical word in the definition is '*substantial*'; it is a door which can lead as readily to abuse as to practical or enlightened justice. It is common knowledge among judges and lawyers that many cases are determined to the entire satisfaction of trial judges or juries, on their factual issues, by evidence which is overwhelming in its persuasiveness but which may appear relatively unsubstantial—if it can be reflected at all—in a phonographic record. Appellant courts, therefore, if there be any reasonable doubt as to the sufficiency of the evidence to sustain a finding, should resolve that doubt in favor of the finding."

Hence, if there is "substantial" evidence in the record, "contradicted or uncontradicted" supporting the findings of the trial court above noted our function ends. The findings of the trial court rested upon an evaluation of the testimony of the medical witnesses called by both parties. The trial court (as did the pension board) chose to accept the testimony of those physicians called by the respondents. We should here note that the petitioners also filed with the State Industrial Accident Commission a petition for compensation and that the proceedings had before that commission were in evidence before the Berkeley Pension Board. One of the medical witnesses before the state commission testified:

"I am of the opinion that this man died of an acute coronary occlusion which occurred on the morning of April 4, 1945. It was due to pre-existing coronary artery sclerosis. The precipitating cause is not at all clear. However, I am very definite in that it had nothing to do with the work he did on the morning of December 9, 1944." And again, "I feel that his death should not be considered of industrial origin. I see no connection with his work as a fireman. It was due to pre-existing degenerative changes in his vascular system. Overweight and smoking may both have played a contributory role."

Another medical witness testified before the pension board: "Death was due to an acute condition (thrombosis in the left coronary arteries) on the basis of sclerosis of the coronary arteries of long standing. It was not related either directly or indirectly to the event of December 9, 1944. The arteriosclerosis that precipitated the acute condition had such a ten-

uous relationship with previous hard work that this relationship must be considered to be non-existing.''

▉ It would be a useless waste of time to cite or discuss the medical opinions of the witnesses called by the petitioners which are in conflict with this. The medical experts called by the respective parties expressed directly opposite opinions as to the cause of death and naturally they would not have been called as witnesses if they had not been willing to do so. It is sufficient to say that both the pension board and the superior court believed the testimony above noted and that is sufficient to support the judgment.

▉ Appellants suggest, but with no apparent confidence, that the compromise settlement of the widow's claim before the State Industrial Accident Commission is binding on respondents in this proceeding. The facts are that pursuant to a claim for compensation a hearing was had by a referee of the Industrial Accident Commission and no determination was made. The State Compensation Insurance Fund, as the carrier for compensation insurance of the city of Berkeley, entered into a compromise settlement with the widow under which she was paid $3,150 and the proceedings terminated. That such settlement was not res judicata and was not binding on the pension board would seem obvious. The precise question was answered negatively in *Schmidt* v. *Pension Board*, 63 Cal. App.2d 439, 446 [147 P.2d 90], where the court said: ''The determination of the Industrial Accident Commission was not res judicata, was not binding on the pension board, and did not prevent a contrary determination by it. (*Drummond* v. *Drummond*, 39 Cal.App.2d 418 [103 P.2d 217].) If this claim of the appellant was meritorious it would result in the Industrial Accident Commission having the power to deal with and dispense funds in the care and management of the pension board of the Fire Department of the City of Bakersfield. It would in reality do away with the duties and powers of that board. We see no connection between the two proceedings.''

We find no merit in the appeal.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.