[Civ. No. 19113.   Second Dist., Div. Three.   June 2, 1953.]

EDWARD GERING, Appellant, v. CARL S. JAMESON
et al., Respondents.

Edward Gering, in pro. per., for Appellant.

Stanley Sapiro, Aaron Sapiro, and Zagon, Aaron & Sandler
for Respondents.

SHINN, P. J.—Plaintiff Edward Gering brought this action
against Carl S. Jameson and others named Kline, Baumert,
Raimond, Herman and Herman Properties, Inc., a corporation.
The facts alleged in the complaint may be summarized as
follows:  Plaintiff, a theatrical director of wide experience
and ability as a drama coach and theatrical manager, leased
a studio in the city of Los Angeles from Herman Properties,

Inc., for one year at $100 per month; he entered into an oral agreement of partnership with Jameson and Kline which was to continue for one year, and he assigned the lease to the partnership to which Jameson and Kline had contributed some cash; the theatrical business was conducted in the studio for a time, plaintiff being in charge of the dramatic work and Jameson and Kline acting as business managers; about a month and a half after the enterprise was launched the defendants conspired to expel plaintiff from the partnership, to obtain a lease on the studio for themselves, and to appropriate to themselves the business of the partnership. In order to accomplish this Jameson and Kline, with the connivance of the other defendants, refrained from paying the rent which fell due June 1st; Herman Properties served notice upon them to pay the rent or surrender possession; plaintiff tendered the rent in two checks of $50 each, one of which required the endorsement of Jameson which he maliciously refused to furnish, and the lessor declined to accept them. In an action brought by Herman Properties, Inc., with the connivance of the other defendants, judgment was rendered for possession of the premises and plaintiff was ousted therefrom. Damages, compensatory and exemplary, were sought for alleged detriment sustained by plaintiff. The defendants answered, and all parties being represented by counsel, the action was tried, a nonsuit was granted as to Kline and judgment was given in favor of the other defendants. ██ At the conclusion of the trial, findings were waived by plaintiff's attorney, a fact which appears in the clerk's minutes and also in a partial reporter's transcript which has been supplied by plaintiff and, on motion, received as a part of the record on appeal. It appears, also, that shortly thereafter all the defendants waived findings. Plaintiff later made a motion to correct the record upon a showing that findings had not been waived intentionally. This motion was denied. We must therefore give full effect to the waiver of findings.

Plaintiff duly gave notice to the clerk to prepare a record on appeal, specifying a partial reporter's transcript, including a statement of the trial judge at the beginning of the trial, the testimony of a witness, Schrop, the testimony of plaintiff and that of certain defendants, and also a clerk's transcript, and all exhibits filed in the case, without copying the same. Plaintiff did not take the steps necessary to procure the reporter's transcript which he had specified in his notice. The

record consists of a clerk's transcript and numerous exhibits which have been transferred to this court. We have examined the exhibits and find nothing in them which would be of assistance to the court in a disposition of the appeal. If it be assumed that the documents were received in evidence and were considered by the court, they would have been only a part of the evidence, the sufficiency of which may not be questioned on the present record.

■ In the absence of findings, we must presume that the court found all the facts necessary to support the judgment. (*Bekins Van Lines, Inc.* v. *Johnson*, 21 Cal.2d 135 [130 P.2d 421].)

■ We must presume, also, that the evidence supported the implied findings. (*Montaldo* v. *Hires Bottling Co.*, 59 Cal.App.2d 642 [139 P.2d 666]; *Engasser* v. *Engasser*, 75 Cal.App.2d 80 [170 P.2d 116].)

Since the judgment was in favor of the defendants who had answers on file, the only question to be considered is whether error appears on the face of the record. Error does not appear.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied June 19, 1953.