Filed 1/14/21  Ashton v. Clarke CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JASON ASHTON, | H045967 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. CV132575) |
| v. | |
| RICHARD A. CLARKE | |
| Defendant and Appellant. | |

In 1999, several neighbors entered into agreements to resolve disputes that arose as a result of landslides that affected their properties.  As part of the agreements, the neighbors voluntarily dismissed the pending civil complaints and cross-complaints that they had filed.  In 2003, the trial court issued orders attempting to enforce the settlement.  By 2015, those orders had not yet been complied with, causing appellant Richard A. Clarke (Clarke) to seek additional enforcement assistance from the trial court.  However, in orders issued in 2016 and 2017, the trial court found it was without jurisdiction to enforce the parties' agreements and resulting trial court orders, because the parties dismissed the case with prejudice, and the dismissal did not include language retaining the court's enforcement jurisdiction.

Based on those orders, Clarke filed a motion to set aside the trial court's 2003 order pursuant to Code of Civil Procedure section 473, subdivision (d), arguing the order was void on its face because the case had been dismissed in 1999, and the dismissal did not include language retaining the court's jurisdiction pursuant to Code of Civil

Procedure section 664.6. The trial court found that the order was not void on its face, and denied the motion. On appeal, Clarke contends the trial court erred in doing so. We agree and reverse the trial court's decision, remanding the matter to the trial court for further proceedings so it can exercise its discretion under Code of Civil Procedure section 473, subdivision (d).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Clarke challenges a trial court order denying his request to set aside a judgment pursuant to Code of Civil Procedure section 473, subdivision (d),[1] and denying his request for restitution of money paid by Clarke's assignor, defendant Edwin L. Ethrington (Ethrington), to respondent Jason Ashton (Ashton).

In 1996, landslides originating on Ethrington's property damaged downhill properties owned by Clarke and Jacob Eringer (Eringer); a subsequent landslide damaged property owned by Charlotte and Roger Cloud (Cloud). As a result, Clarke, Eringer, and Cloud filed lawsuits against Ethrington in the Superior Court of Santa Cruz County (*Clarke v. Ethrington, et al.* (1997, No. CV 133066) (the Clarke action); *Eringer v. Ethrington* (1997, No. CV 133094) (the Eringer action); *Cloud et al. v. Ethrington* (1997, No. CV 132575) (the Cloud action)). The three cases, and related cross-complaints filed by Ethrington, were consolidated, with the Cloud action serving as the lead case. The court then ordered the consolidated action heard in the Superior Court of Monterey County, as Cloud worked for the Santa Cruz County Superior Court.[2] Ashton later purchased Eringer's property; Eringer assigned Ashton his rights in the case.

Clarke and Ethrington reached a settlement in February 1999 (the Clarke/Ethrington agreement). As part of the agreement, Ethrington agreed to hold funds in a trust account for the purpose of building a debris wall. Clarke and Ethrington agreed

---

[1] All subsequent statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] Aside from inclusion for purposes of relating the procedural history of the action, Cloud has no involvement in the orders at issue in this appeal.

to dismiss their respective complaints and cross-complaints contemporaneously with the signing of the agreement. Ethrington, Ashton, and Eringer settled their claims against each other in July 1999 (the Ashton/Eringer/Ethrington agreement). As part of the agreement, Ethrington agreed to construct a debris wall at the base of his property. As was the case in the Clarke/Ethrington agreement, Ashton, Eringer, and Ethrington agreed to dismiss their complaint and cross-complaint contemporaneously with the signing of the agreement. The Ashton/Eringer/Ethrington agreement included the following provision: "The Parties agree to reasonably cooperate as necessary to facilitate the construction of the debris wall…. The obligations of the parties in this regard are set forth in the settlement agreement between [Clarke and Ethrington] and as placed on the record before the Honorable Richard Silver; Judge Silver retains jurisdiction to enforce the terms of this Agreement and the Clark/Ethrington [*sic*] agreement."

With the consent of the attorneys for Ethrington and Eringer, the trial court dismissed the Eringer action on August 18, 1999.[3] The judgment of dismissal does not include a provision reserving the trial court's jurisdiction to enforce the parties' settlement agreements and does not reference or incorporate the parties' agreements in any way.

By 2001, Ethrington had failed to build the agreed-upon debris wall, prompting Ashton to file several motions to enforce the Ashton/Eringer/Ethrington settlement agreement. On June 12, 2003, the trial court ordered Ethrington to pay Ashton $95,000 so that Ashton could have the wall built himself (the June 2003 order); Ethrington made

---

[3] The parties on appeal agree the Eringer action forms the basis for the orders at issue on appeal; the dismissal therein is the only dismissal provided in either party's appendix. There is a discrepancy on the face of that dismissal as to the exact date the court entered the dismissal. The "filed" stamp at the top of the dismissal form lists a date of June 18, 1999, while the attorneys signed the dismissal in July and August 1999, and the deputy clerk of the court who entered the dismissal states she did so on August 18, 1999. The register of actions included in the appellant's appendix shows the dismissal was filed June 18, 1999. While we adopt the August 18, 1999 date in this opinion, the discrepancy in dismissal dates does not affect our analysis.

3

the payment to Ashton in November 2003.  In 2006, Ethrington assigned to Clarke his rights to the debris wall that the court had ordered Ashton in 2003 to build on Ethrington's property, as well as his rights to "maintain, or prosecute any and all legal causes of action to enforce this obligation against [Ashton]."

Clarke and Ashton then engaged in many years of disputes about the construction of the debris wall.  In June 2015, the trial court ordered Ashton to complete construction of the wall by July 2015.

In March 2016, Clarke filed a "motion to enforce settlement agreement."[4]  Ashton opposed the motion, in part, on the basis that the trial court did not have jurisdiction to enforce whatever agreement was at issue,[5] as it had not entered a judgment on the agreement under section 664.6, and Clarke had not timely moved to set aside the dismissal of the action under section 473, subdivision (b).  Clarke filed a reply declaration, in which he alleged the parties agreed the trial court would retain jurisdiction to enforce the settlement agreement, citing to statements made orally during the "1999 settlement hearings[.]"

Although Clarke did not attach the complete reporter's transcript to his declaration (and neither party designated the transcript on appeal), at least one of the attorneys who represented Clarke in signing his settlement agreement with Ethrington was present at a hearing on January 12, 1999, in which the trial court stated, "The Court specifically, along with its reservation of jurisdiction generally will be reserving [jurisdiction] with respect to any issues as it may arise with respect to the construction of the wall, any of the access issues and any complaints by any party that the wall is not proceeding

---

[4] Clarke brought the motion in propria persona, and continued to represent himself throughout the remainder of the trial court proceedings addressed in this opinion.  He similarly appears in propria persona in this appeal.

[5] Clarke did not include a complete copy of the motion in his appellant's appendix, therefore it is not clear which agreement he sought to enforce; in opposing the motion, Ashton was not able to identify which agreement was at issue either.

4

reasonably under the circumstances." At a March 1999 hearing, attended by attorneys for Eringer and Ethrington, Eringer's counsel indicated the parties agreed that the Clarke/Ethrington agreement would remain in effect, and Judge Silver would retain jurisdiction over that agreement with respect to any future dispute that might arise.

The trial court denied Clarke's March 2016 motion without conducting an evidentiary hearing, stating, "Enforcement under §664.6 is unavailable when the underlying litigation has been dismissed and is no longer pending. (See *Housing Group v. United Nat'l Ins. Co.* (2001) [90] Cal.App.4th 1106 [*Housing Group*][.]) Here, the case was dismissed in 1999. Thus, the court does not have jurisdiction to enforce the settlement agreement pursuant to CCP §664.6. It is true that the parties have been before the court many times since 1999, and the court has taken action to enforce the settlement many times. However, the jurisdictional issue was never raised in the past. Moving party did not present any authority or basis to enforce any other orders."[6] (Italics added.)

In November 2016, Clarke filed an order to show cause for contempt, based on the June 2015 order requiring Ashton to complete the debris wall by July 2015, and Ashton's subsequent failure to build the wall. In an order issued in January 2017, the trial court ruled that because the 1999 dismissal did not include a reservation of jurisdiction, the court did not have jurisdiction to make post-dismissal orders, and thus could not enforce by contempt the June 2015 order; the court again cited *Housing Group*. In doing so, the court recognized that there were numerous orders issued after the 1999 dismissal and the jurisdictional issue had not been raised prior to March 2016. The court declined to rule on the validity of any orders other than the June 2015 order.

Citing the two orders denying his requests for relief based on a lack of jurisdiction, in February 2018, Clarke filed a motion to set aside the June 2003 order under section

---

[6] We note that in our view, *Housing Group*, cited by the trial court does not support the trial court's ruling that enforcement under section 664.6 was "unavailable" because the case had been dismissed. However, this issue is not before us on appeal.

473, subdivision (d), alleging it was void on its face for lack of jurisdiction, as the case had been dismissed without any reservation of jurisdiction. Clarke asked the court to order Ashton to make restitution to him in the amount paid to Ashton under the June 2003 order, that Ashton be made a constructive trustee of the money he had received, and/or that the court impose an equitable lien on Ashton's property. In support of the motion, Clarke asked the trial court to take judicial notice of several orders and other documents filed in the consolidated actions, including a declaration filed by Ashton in 2005, to which Ashton attached the Clarke/Ethrington settlement agreement, and the Ashton/Eringer/Ethrington agreement. The trial court granted the request for judicial notice.

Ashton opposed the motion to set aside the June 2003 order. He argued Clarke had contemporaneously filed a separate action in the Santa Cruz County Superior Court seeking a declaration that all post-dismissal orders, including the June 2003 order, were void.[7] Ashton further contended that the sole vehicle available to set aside the June 2003 was a motion for reconsideration under section 1008, or a timely appeal of that order. Finally, Ashton claimed the June 2003 order was not void on its face. In reply, Clarke explained that he filed the separate action out of concern that the court would not have jurisdiction to award restitution in the consolidated action if it ruled in Clarke's favor on the set aside request. He opposed the contention that section 1008 applied to his situation, and instead alleged that section 473, subdivision (d) applied, as the June 2003 order was void on its face based on examination of the judgment roll, notably the 1999 dismissal that did not, on its face, preserve the trial court's jurisdiction.

The trial court held a hearing on Clarke's set-aside motion in March 2018. After hearing argument from both parties, the trial court ruled, "What it comes down to, really, is the 2003 order is not void on its face. I believe there was a six[-]month time in which

---

[7] The trial court took judicial notice of the first amended complaint filed in *Clarke v. Ashton* (Super. Ct. Santa Cruz County, 2017, No. 17CV02881).

6

to challenge it. That was not done. So I'm going to deny the request." The court issued a written ruling in April 2018 stating, in relevant part, "The Court finds that the 2003 Order is not void and denies the motion." Ashton's attorney served notice of entry of the order several days after the court issued the written order, following which Clarke timely filed notice of this appeal. (Cal. Rules of Court, rule 8.104(a)(1)(B).) The April 2018 order denying the set-aside motion is appealable under section 904.1, subdivision (a)(2). (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 172; *Shisler v. Sanfer Sports Cars, Inc.* (2008) 167 Cal.App.4th 1, 5.)

## II. DISCUSSION

Section 473, subdivision (d), allows the trial court to "set aside any void judgment or order." While the trial court has discretion to grant or deny a request to set aside a void order, it has no power under section 473, subdivision (d) to set aside an order that is not void. (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020 (*Pittman*).) We apply the de novo standard of review to the trial court's determination of whether the June 2003 order is void.[8] (*Ibid.*)

"In determining whether an order is void for purposes of section 473, subdivision (d), courts distinguish between orders that are void on the face of the record and orders that appear valid on the face of the record but are shown to be invalid through consideration of extrinsic evidence. 'This distinction may be important in a particular case because it impacts the procedural mechanism available to attack the judgment [or order], when the judgment [or order] may be attacked, and how the party challenging the judgment [or order] proves that the judgment [or order] is void.' [Citation.]" (*Pittman, supra,* 20 Cal.App.5th at pp. 1020-1021.)

---

[8] The trial court determined the order was not void, and thus did not exercise its discretion to grant or deny the request to set aside a void order. Such a determination would be reviewed for abuse of discretion. (*Pittman*, *supra*, 20 Cal.App.5th at p. 1020.)

7

There is no time limit in which to challenge an order under section 473, subdivision (d). (*Pittman*, *supra*, 20 Cal.App.5th at p. 1021.) However, section 473, subdivision (d) applies only to an order that is void on its face—that is, an order where "the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence. [Citations.] . . . If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order is not void on its face. Such an order must be challenged within the six-month time limit prescribed by section 473, subdivision (b), or by an independent action in equity. [Citations.]" (*Ibid.*) Here, the trial court concluded that the June 2003 order was not void on its face and, by implication, that section 473, subdivision (d) was inapplicable to the order. It determined that any challenge to the order had to have been brought within the six-month time limit applicable to section 473, subdivision (b). We conclude that the trial court erred.

To determine whether an order is void on its face under section 473, subdivision (d), the court in *Pittman* stated that the court should consider only "the judgment roll or court record" without consideration of extrinsic evidence. (*Pittman*, *supra*, 20 Cal.App.5th at p. 1021.) By using two terms "judgment roll or court record," it does not appear the *Pittman* court intended to change or expand the types of court records the trial court can consider in determining whether an order is void on its face; "court record" and "judgment roll" are one and the same. (See *Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 960 [" ' "A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll." ' "]; *OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1327, 1328 (*OC Interior Services*) ["To prove that the judgment is void, the party challenging the judgment is limited to the judgment roll, i.e., no extrinsic evidence is allowed."; "Extrinsic evidence, i.e., evidence outside the judgment roll, may be presented on direct attack of a judgment that is valid on the face of the record to rebut the presumption that the judgment is

8

valid."].) "In superior courts the following papers, without being attached together, shall constitute the judgment roll: [¶] … [¶] [T]he pleadings, all orders striking out any pleading in whole or in part, a copy of the verdict of the jury, the statement of decision of the court, or finding of the referee, and a copy of any order made on demurrer, or relating to a change of parties, and a copy of the judgment. . . ." (§ 670, subd. (b).) Motions and notices of motions are not part of the judgment roll. (*Johnson v. Hayes Cal Builders, Inc.* (1963) 60 Cal.2d 572, 576-577.) Affidavits also are not included in the judgment roll. (See *Engasser v. Engasser* (1946) 75 Cal.App.2d 80, 82.)

Clarke contends the June 2003 order is void on its face because inspection of the judgment roll reveals the trial court dismissed the Eringer action with prejudice in 1999, and the dismissal does not include language reserving the court's jurisdiction to enforce the Ashton/Eringer/Ethrington settlement agreement. Voluntary dismissal of an action generally deprives the trial court of jurisdiction, such that "most orders entered after the dismissal are void and have no effect." (*Pittman*, *supra*, 20 Cal.App.5th at p. 1022; *Paniagua v. Orange County Fire Authority* (2007) 149 Cal.App.4th 83, 89.) Because the trial court did not include language reserving jurisdiction to enforce any settlement agreement, or incorporate the settlement agreement by reference or attachment into the 1999 dismissal, Clarke asserts the subsequent June 2003 order issued to enforce the agreement is facially void.

Ashton argues that section 664.6 provides an exception to the general rule that orders entered after dismissal are void; in *Pittman*, the appellate court confirmed there are such exceptions, although it did not address section 664.6. (*Pittman*, *supra*, 20 Cal.App.5th at p. 1022.) "[E]ven though a settlement may call for a case to be dismissed, or the plaintiff may dismiss the suit of its own accord, the court may nevertheless retain jurisdiction to enforce the terms of the settlement, until such time as all of its terms have been performed by the parties, if the parties have requested this specific retention of jurisdiction." (*Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 439 (*Wackeen*), italics

9

omitted.)  The appellate court based its holding in *Wackeen* on its interpretation of section 664.6, which provides, "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement.  If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."  To preserve the court's jurisdiction, the parties to a settlement must make the request that the court retain jurisdiction while the case is still pending, not after it has been dismissed; the request must be made by the parties themselves, not their attorneys, either in a writing signed by the parties or orally before the court.  (*Wackeen*, at p. 440.)

Based on *Wackeen*, Ashton correctly contends that under section 664.6 the trial court can, before dismissing an action, retain jurisdiction to enforce a settlement agreement extending after dismissal.  There is some evidence from declarations of counsel and the written agreements of the parties that such was their intent here when they voluntarily dismissed the cases in 1999.  However, section 664.6 addresses the means by which parties can agree that the court retain jurisdiction to enforce a settlement.  Under that section, the agreement may be stated orally on the record by the parties, or executed in a writing signed by the parties, but must be completed while the case is pending and prior to dismissal.  (§ 664.6; *Wackeen*, *supra*, 97 Cal.App.4th at p. 440.)  Ashton concedes there is no reference to any purported agreement in the 1999 dismissal.  However, Ashton contends the trial court would be required to receive extrinsic evidence to determine whether it properly retained jurisdiction in an agreement under 664.6.  Such evidence would address whether a request for the trial court to retain jurisdiction was made before the 1999 dismissal was entered, whether an agreement was memorialized in writing or orally before the court, and whether it was made by the parties themselves, and not counsel.  Because a conclusion regarding the validity of any agreement reached in

10

1999 under section 664.6 would be contingent on the receipt of such extrinsic evidence, Ashton asserts the June 2003 order is not void on its face

We are not persuaded. It is well established that a trial court may consider only the judgment roll when determining the facial validity of an order. (*Pittman*, *supra*, 20 Cal.App.5th at p. 1021; *OC Interior Services*, *supra*, 7 Cal.App.5th at pp. 1327-1328.) Further, the purposes of section 473, subdivision (d) and section 664.6 are distinct. Section 664.6 provides parties who wish the court to retain jurisdiction to enforce a settlement after dismissal of an action with the elements necessary to achieve that goal, i.e., the parties themselves must execute a written agreement prior to dismissal, or must state orally on the record their intent to have the court retain jurisdiction while the case is yet pending. But section 473, subdivision (d) by implication requires that retention of jurisdiction appear in the judgment of dismissal itself in order to avoid a successful challenge to postjudgment orders as facially void under this provision. An order thus may be in compliance with the requirements of section 664.6 and yet be facially void under section 473, subdivision (d).

It is apparent that the June 2003 order is invalid on its face from the inspection of the judgment roll or court record, that is, the record on appeal exclusive of motions, declarations, and affidavits. This court record includes both the 2003 order and the 1999 judgment of dismissal. The judgment of dismissal entered in 1999 does not specify that the parties asked the trial court to retain jurisdiction to enforce their settlement agreements prior to the entry of the dismissal. Nor does the dismissal incorporate the parties' written settlement agreements.

To determine that the parties had acted in 1999 to preserve the court's jurisdiction under section 664.6, the trial court would have had to consider extrinsic evidence. The written agreements of the parties and the alleged statements of counsel made on the record in 1999 are all included in the record on appeal as part of motions and/or affidavits later filed as part of the litigation seeking enforcement of the 1999 order. But these

11

pleadings and declarations are not part of the judgment roll of the 2003 order (including the 1999 judgment of dismissal), which the court may consider in determining whether the June 2003 order is void under section 473, subdivision (d).[9] Because the judgment roll does not include evidence that the trial court retained jurisdiction at the time of the entry of the dismissal with prejudice in 1999, the June 2003 order is void on its face. The trial court erred in finding otherwise.

However, the fact that the June 2003 order is facially void does not require the trial court to set aside that order. Rather, under section 473, subdivision (d), the trial court has discretion to set aside an order that is void. " '[I]nclusion of the word 'may' in the language of section 473, subdivision (d) makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment [or order.]' (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495.)" (*Pittman*, *supra*, 20 Cal.App.5th at p. 1020.) The trial court here did not exercise its discretion under section 473, subdivision (d), having made the determination that the June 2003 order was not void on its face, without further explanation. Therefore, we will remand the matter to the trial court to consider, in its discretion, whether the void June 2003 order should be set aside. We express no opinion regarding how that discretion should be exercised.

Operating under the assumption that this opinion would require the trial court to set aside the June 2003 order, Clarke asks this court to determine whether jurisdiction exists for the trial court to order restitution or other remedies based on money Ethrington paid to Ashton pursuant to the void order. Ashton contends there is no basis for a restitution order, even if this court determines the June 2003 order is void on its face. We do not reach this issue. Given the trial court's previous determination that the June 2003

<hr />

[9] Any request by counsel seeking retention of the trial court's jurisdiction under section 664.6, even if part of the judgment roll, would be insufficient, as the request must be made by the parties directly, not their attorneys. (*Wackeen*, *supra*, 97 Cal.App.4th at p. 440.)

order was not void on its face, it did not explicitly rule on Clarke's requests for restitution and other remedies.  Should the trial court exercise its discretion to set aside the June 2003 order on remand, it can hear Clarke's requests and rule accordingly.  Absent such a ruling, it is premature for this court to express an opinion on the issue.

### III.    DISPOSITION

The April 2018 order denying Clarke's motion to set aside the June 2003 order pursuant to section 473, subdivision (d) is reversed.  The matter is remanded to the trial court with directions to exercise its discretion under section 473, subdivision (d), to grant or deny Clarke's motion to set aside the void June 2003 order.

13

_____
Greenwood, P.J.

WE CONCUR:


_____
Grover, J.




_____
 Danner, J.




Ashton v. Clarke
No. H045967