[L. A. No. 13943. In Bank.—March 28, 1934.]

PEARLE A. SUTCLIFFE, Appellant, v. WALTER J. SUTCLIFFE, Respondent.

Weber & Kidder, Vincent A. Marco and Kidd & Marco for Appellant.

Warren L. Williams and Seymour S. Silverton for Respondent.

WASTE, C. J.—Appeal from an order denying a motion to vacate an interlocutory decree of divorce. The appellant commenced an action against the respondent for divorce. She alleged in her complaint that there was certain community property, both real and personal. The respondent filed an answer and a cross-complaint in the divorce action, and also instituted an action against the appellant for partition of the real property involved in the divorce action. The two actions came on together for trial through stipulation that evidence introduced in either case be deemed introduced in the other when relevant, competent and material to the issues involved. The respondent [plaintiff in the partition suit] introduced evidence and rested his case. The parties then, by their respective counsel in open court, stipulated to a dismissal of the partition suit and to an agreed division of

the property described in the appellant's complaint in the event the court granted a divorce. The respondent thereupon, also in open court, dismissed his answer to appellant's divorce complaint and his cross-complaint filed in the action, and appellant dismissed her answer to the cross-complaint.

Evidence in support of the appellant's divorce action was introduced; respondent introduced no evidence, and the court granted an interlocutory decree of divorce to the appellant, and therein ordered the community property divided in accordance with the stipulation previously made in open court. The appellant contends that the court erroneously awarded a valuable parcel of the real property to the *defendant,* when it was, according to the appellant, stipulated that said property was to be awarded to *plaintiff* [appellant]. Her contention that there was this discrepancy between the stipulation and the decree presents the only situation involved in this appeal.

After the time had passed for moving for a new trial or for an appeal from the decree, the appellant, plaintiff below, through new and substituted counsel, moved the court, under section 473 of the Code of Civil Procedure, to set aside the decree on the ground that it was entered through mistake, inadvertence, surprise and excusable neglect of herself and counsel, and upon the further ground that the cause was not at issue when the trial was had. In support of the motion, the appellant filed a number of affidavits, including her own, the substance of which is that prior to the day of the court proceedings she had been ill and was suffering great and excruciating pain, because of which, and for other reasons, she was unable to prepare for trial, and also fully expected a continuance because her counsel was busy with other matters; that such continuance was not had; that on the day of trial, while in court, she was still suffering excruciating pain and was in such mental condition that she did not understand the nature of the proceedings or comprehend the effect of the stipulation concerning the division of the community property, or understand the language used by her counsel; that she was of the view that she was awarded the parcel of property which, she now complains, was awarded erroneously to the respondent, and did not know otherwise until after the adjournment of court when she was informed of the fact by

her brother who was in court at the time. Appellant further alleged in her affidavit that, although she made repeated efforts and continued persistently in an effort to get her counsel to endeavor to have the alleged erroneous award corrected, her efforts were unavailing. Counter-affidavits were made and filed which were, in turn, followed by affidavits in rebuttal. The trial court denied the motion to vacate and set aside the decree. From that order the appeal is taken.

██ No record of the proceedings had upon the motion to vacate the decree has been presented, other than the notice of motion, the large number of affidavits, and the minute order denying the motion, all of which were found in the clerk's transcript. There is neither bill of exceptions nor certificate of attestation by the trial court as to what papers, evidence or affidavits were before the court or were used on the hearing of the motion. The situation, therefore, comes squarely within the application of Rule XXIX of the Supreme Court (213 Cal. lviii). ██ It is a settled rule that if any matters, other than such as appear upon the face of the judgment-roll, are sought to be reviewed upon appeal, the record thereof must be presented by a bill of exceptions or by a reporter's transcript. (*Stern & Goodman Inv. Co.* v. *Danziger,* 206 Cal. 456, 458 [274 Pac. 748]; *Jeffords* v. *Young,* 197 Cal. 224, 227 [239 Pac. 1054]; *Guyot* v. *Cassab,* 118 Cal. App. 742, 746 [5 Pac. (2d) 912].)

The affidavits found in the clerk's transcript were not merely a part of moving papers submitted to the judge as the basis of an *ex parte* order, but are evidentiary in character and had as their object the vacation or prevention of the vacation of the interlocutory decree. We are not informed, by any record, whether or not these affidavits were submitted or read to the court.

In the absence of a proper record, an appeal must be dismissed or the order or judgment affirmed. ██ Were we in position to give consideration to this cause on its merits, we would be required to affirm the order, for the affidavits are sharply contradictory. It is not incumbent on this court to seek the truth in such a case. That was a duty resting on the trial court, and we will assume that it has been properly performed.

The writ of *supersedeas,* heretofore ordered to remain in effect until the determination of the appeal, is discharged, and the order appealed from is affirmed.

Shenk, J., Thompson, J., Seawell, J., Curtis, J., Preston, J., and Langdon, J., concurred.