[L. A. No. 14920. In Bank.—July 31, 1935.]

CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. MARIE FORRESTER et al., Respondents.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Randolph Karr, Deputy City Attorney, for Appellant.

Randall & Bartlett and Kenneth W. Kearney for Respondents.

WASTE, C. J.—Judgment for the City of Los Angeles was entered in an action to quiet title to property claimed for park purposes. Subsequently, the city filed notice of motion for a writ of possession. Issuance of the writ was denied. Plaintiff thereupon appealed from the order denying the motion. A typewritten "Clerk's Transcript" was duly filed. Respondents moved to dismiss the appeal upon the ground that there is no proper record on appeal before the court, in that there is no bill of exceptions on file as required by Rule XXIX of this court.

The motion must be denied. If any matters other than such as appear on the face of a judgment roll are sought to be reviewed on appeal, the record thereof may be presented either by a bill of exceptions or by a reporter's transcript prepared under the provisions of section 953a of the Code of Civil Procedure. Rule XXIX of this court, providing for the authentication of papers on appeal, distinctly so provides. (*Sutcliffe* v. *Sutcliffe*, 220 Cal. 398, 401 [31 Pac. (2d) 195].) Other than the judgment roll, no further record is required for appeals on the judgment roll alone.

The clerk's transcript before us not only bears the proper certificate of the county clerk but also contains a certificate of the trial judge that the transcript is "true and correct, and constitutes the entire record used in the proceedings". An examination of the transcript discloses that pages 40 to 70, inclusive, should have been omitted therefrom and

certified only by the trial judge as the record of the proceedings on motion for issuance of the writ of possession. The transcript contains a proper judgment roll and a record of the proceedings on motion for the issuance of the writ of possession, the latter not properly certified. It does not appear that any oral testimony was taken.

The court has, in some instances in similar cases, returned the transcript to the trial court with directions to segregate the matters required to be certified only by the judge from those included in the clerk's transcript. In the present instance, however, the record is so simple and so easily unscrambled that we deem such action unnecessary. This should not be taken as indicating in any way that the court countenances such poor preparation of records on appeal.

The motion to dismiss the appeal is denied.

Shenk, J., Thompson, J., Preston, J., and Langdon, J., concurred.