[L. A. No. 16173.   In Bank.—May 17, 1937.]

H. & J. MABURY COMPANY (a Corporation), Respondent, v. CALHOUN BRYANT, Administrator, etc., et al., Appellants.

Lelia R. Leep and William Shutz for Appellants.

W. B. Beaizley, Leib & Leib and McCutchen, Olney, Mannon & Greene for Respondent.

THE COURT.—Judgment was entered for the plaintiff in this action to quiet title. The defendants noticed an appeal therefrom and from an order denying a motion to vacate the judgment made under section 473 of the Code of Civil Procedure. Plaintiff has moved to dismiss both appeals.

■ The motion must be denied in so far as it is directed to the appeal from the judgment. That appeal was timely noticed and there has been filed herein a duly certified clerk's transcript of the judgment roll. The fact that other improperly included matters appear therein does not destroy it as a clerk's transcript of the judgment roll. The presence of this transcript requires a denial of the motion to dismiss the appeal from the judgment. ■ If, as respondent urges, the appeal is unsubstantial and taken for purposes of delay, this may be called to the attention of the court under section 3 of rule V (Supreme Court Rules) by way of motion, duly noticed, "at any time after the filing of the opening brief of . . . appellant", the time for filing which, our records disclose, will not expire until May 20, 1937.

■ A different result attaches to the appeal from the order refusing to vacate the judgment. The motion to dismiss that appeal must be granted. We shall not undertake to determine whether the particular order here involved comes within the class of orders refusing to vacate that have been held to be appealable or falls within the class that have been held to be nonappealable. In other words, all orders refusing to vacate are not appealable. However, if we assume for present purposes alone, that the order here involved is an appealable order, the appeal therefrom must nevertheless be dismissed in the absence of a supporting record. The only transcript before us is that of the clerk of the court below. While it is true that it contains, in addition to a transcript of the judgment roll, copies of affidavits and other matters pertinent to the motion to vacate, these matters extraneous to the judgment roll form no part of the clerk's transcript and must be disregarded.

In *Sutcliffe* v. *Sutcliffe,* 220 Cal. 398, 401 [31 Pac. (2d) 195], the following appears: "No record of the proceedings

had upon the motion to vacate the decree has been presented, other than the notice of motion, the large number of affidavits, and the minute order denying the motion, all of which were found in the clerk's transcript. There is neither bill of exceptions nor certificate of attestation by the trial court as to what papers, evidence or affidavits were before the court or were used on the hearing of the motion. The situation, therefore, comes squarely within the application of Rule XXIX of the Supreme Court. . . . It is a settled rule that if any matters, other than such as appear upon the face of the judgment roll, are sought to be reviewed upon appeal, the record thereof must be presented by a bill of exceptions or by a reporter's transcript. . . . '' (See, also, *Jeffords* v. *Young,* 197 Cal. 224, 226 [239 Pac. 1054].)

The certificate of the clerk of the court below, filed in support of the motion to dismiss, declares that no proceeding is pending for a bill of exceptions or transcript under section 953a of the Code of Civil Procedure. In the absence of a proper record, an appeal must be dismissed or the order or judgment affirmed.

The motion to dismiss the appeal from the judgment is denied and the motion to dismiss the appeal from the order refusing to vacate the judgment is granted and the appeal from said order dismissed.