[Civ. No. 11777. Second Appellate District, Division Two.—May 11, 1938.]

GUY W. SWANEY et al., Appellants, v. GRACE BLACK et al., Defendants; BEVERLY FINANCE COMPANY (a Corporation), Respondent.

Bertram S. Harris and Y. B. Arsen for Appellants.

Reginald I. Bauder and Charles E. R. Fulcher for Respondent.

McCOMB, J.—There are presented for determination:

(1) A motion to affirm the judgment or dismiss the appeal on the ground that appellant has failed to conform to the requirements of Rule VIII, Rules for the Supreme Court and District Courts of Appeal (213 Cal. xlvi) and section 953a, Code of Civil Procedure, and

(2) An appeal from a judgment in favor of respondent after trial before the court without a jury in an action to recover damages for personal injuries.

I

 In view of the conceded fact that a judgment roll is on file, the motion to dismiss the appeal must be denied. (*Pacific Gas & Elec. Co.* v. *Scott,* 10 Cal. (2d) 581 [75 Pac. (2d) 1054].)

II

The trial court found the following facts:

June 20, 1936, Charles W. Porter, doing business as "Certified Service Inc.", sold a Plymouth coupe to Grace Black under a conditional contract of sale. This contract on June 30, 1936, was assigned by Mr. Porter to respondent. October 27, 1936, without obtaining a reassignment of the conditional sales contract from respondent, Mr. Porter repossessed the automobile for failure of Grace Black to comply with its terms. He thereafter, on November 4, 1936, by a conditional sales contract, purported to sell the car to Robert H. Senter. November 10, 1936, while Mr. Senter was driving the car without the express or implied permission of respondent an accident occurred, causing personal injuries to plaintiff.

November 14, 1936, Mr. Porter assigned his contract with Robert H. Senter to respondent.

In addition to the foregoing facts the trial court made the following finding:

## "VII

"That James E. Graham, as Secretary of the Beverly Finance Company, a corporation, did cause an affidavit of repossession, which affidavit was sworn to before a Notary Public, to be filed with the Department of Motor Vehicles, Division of Registration, of the State of California, on the 16th day of November, 1936, stating that on the 27th day of October, 1936, the Beverly Finance Company, a corporation, did repossess the said 1935 Plymouth Coupe automobile, 1936 License No. 4 R 7616, from Grace Black, and that the said automobile was in the possession of the said corporation, and did forward the pink slip to said automobile with the affidavit, to Sacramento, and that there was issued, on the 2nd day of December, 1936, by the Department of Motor Vehicles, Division of Registration, of the State of California, a new pink slip of title, showing Robert H. Senter, 2834 Whittier Blvd., Los Angeles, to be the registered owner, and the Beverly Finance Company, a corporation, 461 So. Western Avenue, Los Angeles, to be the legal owner."

Appellants rely for reversal of the judgment on the following propositions:

*First: There was not substantial evidence to sustain the trial court's findings of fact.*

*Second: The trial court's finding of fact No. VII set forth supra is in conflict with the finding that Mr. Senter was not driving the automobile at the time of the accident with the implied or express consent of respondent.*

*Third: The trial court's conclusion of law that respondent was not liable to appellants is not supported by the findings of fact.*

Appellants' first proposition is untenable. The law is settled that an appellate court will not consider the question of the sufficiency of the evidence to sustain findings of fact unless all of the evidence before the trial court is included in the record on appeal. (2 Cal. Jur. (1921) 697, sec. 401; 1 Cal. Jur. Ten-year Supp. (1936) 441; 4 C. J. S. (1937), Appeal and Error, 1675, sec. 1172.)

In the present case it is conceded that the reporter's transcript does not contain all of the evidence before the trial court. Therefore, we are confined in our review of the case to any errors which may appear in the judgment roll.

██ The second proposition is also untenable. Finding No. VII set forth *supra* is nothing more nor less than a finding that on November 16, 1936, James E. Graham executed an affidavit of repossession. It is not a finding that the facts set forth in the affidavit are true or false. It is therefore obvious that this finding that James E. Graham executed an affidavit is not in conflict with the finding that at the time of the accident in question Robert H. Senter was not driving the Plymouth automobile with the implied or express consent of respondent.

██ Defendant's final contention is also without merit. Section 402 of the California Vehicle Code reads in part as follows:

"(a) Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.

. . . . . . . . . . . . . . .

"(f) If a motor vehicle is sold under a contract of conditional sale whereby the title to such motor vehicle remains in the vendor, such vendor or his assignee shall not be deemed an owner within the provisions of this section, but the vendee, or his assignee shall be deemed the owner notwithstanding the terms of such contract, until the vendor or his assignee retake possession of such motor vehicle. A chattel mortgagee of a motor vehicle out of possession shall not be deemed an owner within the provisions of this section."

From the facts as found by the court it appears that at all times up to and including the date of the accident respondent was the legal owner of the automobile and Grace Black the registered owner thereof. There is no finding that respondent ever repossessed the car or that Charles W. Porter acted for respondent when he repossessed the car. Therefore, under the express terms of subsection (f) of section 402 of

the California Vehicle Code respondent was not deemed to be the owner within the meaning of subsection (a) of section 402, *supra,* and the trial court's conclusion that respondent was not liable to appellants was supported by the findings of fact.

For the foregoing reasons the motion to dismiss the appeal is denied and the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.