[Civ. No. 2926.   Fourth Appellate District.—March 8, 1941.]

CLEM V. SVOBODA, Respondent, v. A. C. LAMBERT et al., Appellants.

Theo. G. Krumm and Grant Holcomb for Appellants.

C. E. Crowley for Respondent.

BARNARD, P. J.—This is a motion to dismiss the appeal on the ground that a transcript was not filed within the time allowed by law and on the further ground that the transcript which is now on file was not certified and settled as required by law, with the result that there is no record on which any issue presented by the appeal may be determined.

The action was one for declaratory relief. Judgment was entered in favor of the plaintiff on November 21, 1939. Notice of entry of judgment was served by mailing it in the city of Ontario addressed to attorney for defendant in the city of San Bernardino on November 21, 1939. (See section 660, Code of Civil Procedure.) More than sixty days thereafter and on January 23, 1940, an order was entered granting a motion for a new trial. On October 29, 1940, on motion of the plaintiff, the court entered an order vacating and setting aside the previous order by which a new trial had been granted. On November 9, 1940, the defendants appealed from the order vacating the order which had granted them a new trial.

Before this motion to dismiss the appeal was heard a clerk's transcript and an opening brief were filed in this court. For present purposes, at least, this may be deemed a sufficient answer to the first ground of the motion now before us.

■ With respect to the second ground, that no sufficient record is before this court, no reporter's transcript or bill of exceptions has been filed. The regular time for filing the same has expired and it appears by affidavit and by the clerk's certificate that no stipulation or order has been filed extending the time for preparing such a reporter's transcript or settling such a bill of exceptions. No record is before us except a clerk's transcript, which was filed on February 27, 1941. It contains the clerk's certificate to the effect that the various documents contained therein are correct copies of the originals of such documents as filed in the clerk's office. It does not purport to contain any record of any affidavits or other matter which may have been before the trial judge in passing upon the issues presented in connection with, and which led to, the order from which this appeal was taken. Nor is there any certificate of the trial judge in connection with any such matters.

It has frequently been held that, on such an appeal from an order made after judgment, a clerk's transcript is not sufficient unless it bears the certificate of the trial judge to the effect that it contains the documents which were used at the hearing and which were considered by him in making the decision which is questioned. (*Bartholomew* v. *Cross*, 42 Cal. App. (2d) 28 [108 Pac. (2d) 49], and cases there cited.)

It would appear from such record as is before us that the former order granting a new trial was made after the court had lost jurisdiction to make such an order. In any event, there is no record before us which discloses anything which was before the trial judge and which was considered by him in making the order appealed from. Under such circumstances, there is no record upon which any issue in connection with the making of that order can be here presented or considered.

The appeal is dismissed.

Marks, J., and Griffin, J., concurred.