[S. F. No. 16451. In Bank.—March 20, 1941.]

GEORGE WYNECOOP, Petitioner, v. THE SUPERIOR COURT OF SUTTER COUNTY, Respondent.

Mary R. King, King & King and Huston, Huston & Huston for Petitioner.

Rich & Weis for Respondent.

GIBSON, C. J.—Petitioner seeks a writ of mandate to compel the respondent Superior Court to certify a transcript to be used on an appeal from an order vacating a judgment. The matter for consideration here arises out of an appeal in *Wynecoop* v. *Coats*, Sac. 5316. In that case appellant, petitioner here, gave notice to the clerk under the provisions of section 953a of the Code of Civil Procedure to prepare a transcript. Subsequently, a transcript was filed certified only

by the clerk of the Superior Court. It contained documents of an evidentiary nature which may be authenticated solely by the certificate of the judge. (*Martin* v. *Pacific G. & E. Co.*, 195 Cal. 544 [234 Pac. 321]; *Jeffords* v. *Young*, 197 Cal. 224 [239 Pac. 1054]; *Guyot* v. *Cassab*, 118 Cal. App. 742 [5 Pac. (2d) 912]; *Mason* v. *Coalinga Union H. S. Dist.*, 31 Cal. App. (2d) 317 [87 Pac. (2d) 921].)

Respondent moved to dismiss the appeal or affirm the judgment on the ground the record was defective, and petitioner made a counter-motion for return of the transcript to the trial court for further authentication. The motion to dismiss or affirm was denied and the counter-motion was granted, the clerk of this court being directed to return the transcript to the trial court "for further proceedings".

Upon presentation of the transcript the trial judge declined to certify it for the reasons that it did not contain "the oral and parol evidence, offered, received and taken at said hearing, or any portion thereof"; and that it did not constitute "a full, true and fair transcript of the proceedings had at the hearing or of the testimony offered or taken, and evidence offered or received." It appeared that at the hearing on the motion to vacate the judgment in *Wynecoop* v. *Coats, supra,* a witness had been called who gave oral testimony, but that no reporter was present and hence no transcription of the oral evidence was possible.

It is apparent that the trial judge properly refused to certify the transcript on the grounds stated. In an appeal from an *order* it is possible to bring up a complete record under the alternative method (Code Civ. Proc., sec. 953a et seq.) only in cases where all of the evidence was documentary or where a transcription of oral evidence may be secured. In authenticating the evidentiary matter on such an appeal, the certificate of the judge must state not only that the evidence contained in the record on appeal was used or considered by him in the determination of the matter appealed from, but also that the record contains *all* of the evidentiary matter so used or considered. When such authentication is impossible, an appellant must proceed by bill of exceptions unless he elects to bring up the "judgment roll" alone. (See Rule XXIX, Rules for Supreme Court and District Courts of Appeal; *Charles* v. *City of Crescent City*, 12 Cal. (2d) 241 [83 Pac. (2d) 34].)

Since the purpose of the petition for mandate herein was to compel the certification of a defective record, and the same must be denied, it is unnecessary to discuss the methods of bringing up a partial transcript by stipulation (Code Civ. Proc., sec. 953a; *Western Concrete Pipe Co.* v. *Grabovich,* 118 Cal. App. 367 [5 Pac. (2d) 71]) or under the procedure specified in Rule IX, section 2 of the Rules for the Supreme Court and District Courts of Appeal. Nor does anything we have said herein prevent the appellant from further prosecuting the appeal in *Wynecoop* v. *Coats,* Sac. 5316, on the judgment roll.

The alternative writ is discharged and a peremptory writ of mandate is denied.

Edmonds, J., Traynor, J., Shenk, J., and Curtis, J., concurred.