[Civ. No. 12617.   First Dist., Div. Two.   July 11, 1944.]

CAROL F. CULVER, Appellant, v. ELMER J. CULVER, Respondent.

William Berger for Appellant.

John J. Goldberg for Respondent.

NOURSE, P. J.—In a suit for divorce plaintiff had an in-

terlocutory decree awarding her a divorce and approving a property settlement wherein defendant was obligated to deliver to plaintiff certain personal property and effects. The decree did not settle the dispute between the parties and sometime later the plaintiff cited defendant for contempt for failure to deliver some of the personal property. Upon the hearing the court found that it was impossible for defendant to make certain deliveries and directed him to pay the value of the articles in cash. It also awarded plaintiff additional counsel fees. The property was appraised and payment was tendered but refused by the plaintiff. The court directed plaintiff to enter a satisfaction of the terms of the interlocutory decree relating to the personal property, and vacated the order relating to counsel fees. Later the court denied plaintiff's motion for additional counsel fees to prosecute her appeals from these orders. The appeal is taken from all these orders.

The respondent has moved for a dismissal of the appeal upon the ground that the record is insufficient. ▮▮ Since the appeal was taken prior to July 1, 1943, the effective date of the new Rules on Appeal, a record prepared in accordance with the statutes and rules then in effect is a prerequisite to a consideration of the appeal. Rule 53(b) of the Rules on Appeal provides that they shall govern the procedure ''in all appeals taken on and after their effective date'' but that ''pending appeals'' shall be governed by the statutes and rules theretofore in force ''so far as pertains to the preparation and filing of the record on appeal. . . .'' Hence, the preparation of the record on the instant appeal is governed by section 953a et seq. of the Code of Civil Procedure, and such of the old rules of court as were applicable at the time the appeal was taken.

▮▮ One of the essential requirements of the code section was that the clerk's and the reporter's transcripts should both be certified by the trial court when the appeal is based upon evidentiary matters, either documentary or oral. *Wynecoop* v. *Superior Court,* 17 Cal.2d 657 [111 P.2d 332] and cases cited on page 658. In *Luftenburg* v. *Luftenburg,* 56 Cal.App. 2d 61 [132 P.2d 34], which was heard on a motion to dismiss an appeal from an order denying a motion to vacate a judgment, the court said: ''The only certificate attached to the record is that of the county clerk, who certifies that the copies

in the transcript are true and correct copies of the originals in his office. There is no certificate by the trial judge and nothing to show that the documents appearing in the clerk's transcript were used or considered on the hearing, or that the court's decision was not based upon others which are not in the record. There is, therefore, no record upon which the appeal could be considered or decided. Under these circumstances the motion must be granted. (*Kwon* v. *Kwon,* 39 Cal. App.2d 232 [102 P.2d 808] ; *Bartholomew* v. *Cross,* 42 Cal. App.2d 28 [108 P.2d 49] ; *Svoboda* v. *Lambert,* 43 Cal.App.2d 378 [110 P.2d 1022].)''

Here the certificate of the clerk merely recites that the papers appearing in the transcript are true and correct copies of those on file in his office, but there is no certificate of the trial judge attached, and hence no authentication of documents used upon the several hearings. For this reason the appeal from these several orders presents no debatable question. If we might treat the appeal as one on the judgment roll alone the presumption that the record is complete found in rule 52 of the Rules on Appeal is not applicable because of the exception found in rule 53(b). Affidavits filed on this motion by the trial judge and the court reporter recite that, pursuant to instructions by appellant, the clerk's transcript was not prepared by the court reporter, and that it includes documents not on file in the office of the clerk. From the same source it appears that appellant instructed the court reporter to include in the reporter's transcript ''only the testimony of witnesses sworn at the hearings and to exclude all other statements and proceedings.''

In *Wynecoop* v. *Superior Court, supra,* 658, the Supreme Court said: ''In an appeal from an *order* it is possible to bring up a complete record under the alternative method (Code Civ. Proc., § 953a et seq.) only in cases where all of the evidence was documentary or where a transcription of oral evidence may be secured.''

There seems to be no case expressly defining the composition of a judgment roll upon an appeal from an order made after final judgment. But if we may accept the definition of section 670 of the Code of Civil Procedure it would on this appeal consist of the pleadings, the findings, and the judgment. Here the first order appealed from was one adjudging defendant not guilty of contempt made after hear-

ing of an order to show cause for that purpose; the second directed a satisfaction of the terms of the interlocutory decree and called for payments by defendant in cash in lieu of personal property which the court found it was impossible for defendant to deliver in kind. This order, as well as the third order appealed from, also related to counsel fees requested by the defendant for services rendered on the order to show cause, and to be rendered on appeals from foregoing orders. Manifestly, all these orders were within the court's jurisdiction and discretion, and can be attacked here only upon a showing that they were not supported by competent proof. They cannot be attacked by the aid of any of the documents or testimony upon which the appellant relies. The case is controlled by *Borenstein* v. *Borenstein,* 20 Cal.2d 379, 381 [125 P.2d 465], where the Supreme Court said: ''Inasmuch as the papers relied on by appellant as assertedly disclosing the invalidity of the decrees form no part of the judgment roll, they can not be used on this attack. It will be presumed that appropriate proof was introduced satisfying the trial court of the fact of respondent's residence in the state and county for the necessary period prior to institution of the divorce action and of the continued existence of the marital status at that time. But even if we could go beyond the face of the judgment roll, it would still be necessary for the appellant to bring up a properly authenticated record, either a reporter's transcript or bill of exceptions, showing that the documents relied on by appellant were actually submitted to the court upon the motion to vacate. (*Sutcliffe* v. *Sutcliffe,* 220 Cal. 398, 401 [31 P.2d 195] ; *Stern & Goodman Inv. Co.* v. *Danziger,* 206 Cal. 456, 458 [274 P. 748].)''

For these reasons the appeal is dismissed.

Sturtevant, J., and Spence, J., concurred.