[Civ. No. 12618. First Dist., Div. Two. July 11, 1944.]

CAROL F. CULVER, Appellant, v. ELMER J. CULVER, Respondent.

William Berger for Appellant.

John J. Goldberg for Respondent.

NOURSE, P. J.—This is a companion case to *Culver* v. *Culver, ante,* p. 149 [150 P.2d 295]. The appeal is taken from an order denying plaintiff's motion to set aside the final decree of divorce. The order appealed from was entered July 16, 1943, and the notice of appeal was entered August 14, 1943. The proceedings are accordingly governed by the Rules on Appeal effective July 1, 1943. (See Rule 53(b).) The respondent has moved to dismiss the appeal upon the grounds

that the clerk's transcript was not certified by the trial judge, and that the record does not contain a reporter's transcript, nor a bill of exceptions.

It is clear from what is said in the other opinion upon the authority of *Wynecoop* v. *Superior Court,* 17 Cal.2d 657 [111 P.2d 332], and *Borenstein* v. *Borenstein,* 20 Cal.2d 379 [125 P.2d 465], that the record is insufficient to support a review of any matters not appearing upon the judgment roll. As the trial court has power and jurisdiction to grant or deny a motion to set aside a final decree of divorce upon the ground of fraud in procuring its entry the question before the reviewing court is whether the order appealed from is supported by competent and substantial evidence.

Though by stipulation and order of this court the two appeals have been consolidated for hearing each rests upon its own transcript, and, since the second appeal was taken after the effective date of the new rules the appellant was entitled to proceed upon a partial transcript (rule 4) or an agreed statement (rule 6) or a settled statement (rule 7). He did not follow any one of these modes.

Hence, the appeal can be heard upon the judgment roll alone and this presents the single question whether, under any state of facts, the trial court has jurisdiction to deny a motion to vacate a final decree of divorce. By consent the appellant was permitted to file one brief to cover both cases. She does not argue this issue, but merely prays that we reverse the order because some evidence was offered which would have supported an order granting her motion. What this evidence is we do not know and cannot consider on this appeal. For these reasons it is apparent that the appeal is frivolous and presents no debatable issue.

The appeal is dismissed.

Sturtevant, J., and Spence, J., concurred.