[Civ. No. 8060.  Third Dist.  Oct. 18, 1951.]

LOREN W. CHEESMAN et al., Appellants, v. ADOLPH ODERMOTT et al., Respondents.

Busick & Busick for Appellants.

Desmond, Miller & Artz for Respondents.

ADAMS, P. J.—Plaintiffs in this action appealed from the judgment of the trial court rendered in favor of defendant. The record on appeal consists solely of the judgment roll, two opinions rendered by the trial court, and a temporary restraining order which was issued before the cause was tried and dissolved by the final judgment.

Respondent has moved to dismiss the appeal on the ground "that the points submitted by the appellants on appeal do require a consideration of the oral proceedings and the testimonies of the witnesses in the trial court of the above-entitled matter, and upon the grounds that the appellants have failed to procure the filing of a record of the oral proceedings and have not filed a reporter's transcript or an agreed statement or a settled statement of the oral proceedings at the trial of the above matter."

In support of said motion respondent cited Rules on Appeal, Nos. 4, 6, 7, 8, 9 and 10 only; but on the day of hearing their counsel cited four cases which he stated hold that an appellant may not appeal upon a judgment roll alone, but must include in his record a transcript of the testimony taken. The cases are *Luftenburg* v. *Luftenburg,* 56 Cal.App.2d 61 [132 P.2d 34], *Alexander* v. *Mayer,* 39 Cal.App.2d 157 [102 P.2d 540], *Douglas* v. *Crabtree,* 40 Cal.App.2d 393 [104 P.2d

1066], and *Culver* v. *Culver,* 65 Cal.App.2d 145 [150 P.2d 292]. They are not in point here.

■ That an appellant has a right to appeal upon a judgment roll alone is clear from rule 5(f) of the Rules on Appeal, which provides:

"Where the appellant has designated only a clerk's transcript consisting of part or all of the matters specified in Rules 5(a) and 5(b) and has not given notice to prepare a reporter's transcript, the respondent may not require the preparation of a reporter's transcript but he may counterdesignate any exhibits, affidavits, papers or records, other than instructions, which may properly be included in a clerk's transcript. Where the appellant has designated only the papers and records constituting the judgment roll and has not given notice to prepare a reporter's transcript, the judgment roll shall constitute the record on appeal, and the respondent may not require any addition thereto. In either case, however, on motion of the respondent the reviewing court may allow augmentation of the record whenever it is necessary to prevent a miscarriage of justice."

The record before us does not show, nor do the moving parties assert, that they counterdesignated any portion of the record that they desired to have included in the record on appeal, nor have they sought augmentation thereof.

By the record which appellants have filed in this court they have limited the scope of review to such matters as are properly reviewable thereon; and if their record be insufficient no injury to respondents can result therefrom. See *Tarvin* v. *Davey,* 51 Cal.App.2d 296, 297 [124 P.2d 624]; *North* v. *Evans,* 136 Cal.App. 434, 436 [28 P.2d 938]; *Estate of Larson,* 92 Cal.App.2d 267, 268 [206 P.2d 852]; *Pacific Gas & Electric Co.* v. *Scott,* 10 Cal.2d 581, 584 [75 P.2d 1054]; *Ramsay* v. *Rodgers,* 189 Cal. 100, 101 [207 P. 516]; *Swaney* v. *Black,* 26 Cal.App.2d 314, 315 [79 P.2d 176].

The motion to dismiss is denied.

Peek, J., and Schottky, J. pro tem., concurred.