SHAW, P. J.
Respondents have moved to dismiss the appeal by reason of appellants’ failure to comply with rules 4, 5, 6 and 7 of Rules on Appeal from Municipal Courts in Civil Cases. It appears from the affidavit in support of the motion, and from a certificate of the clerk of the trial court in the files, that none of the notices specified in rules 4, 5 and 7, and no statement under rule 6, has been filed in the trial court, although the time for filing each of them has long since expired. No showing in opposition or excuse was made and we must accept these facts as established. We also know from our own records, of which we can take judicial notice (Gackstetter v. Market St. Ry. Co. (1935), 10 Cal.App. 2d 713, 716 [52 P.2d 998]), that appellants have made no application to us for relief from their default in complying with any of these rules, as they might have done under rule 22.
This court has often held that failure of an appellant to proceed under rules 4, 6 and 7, or any of them, is not ground for dismissing an appeal. Rule 4 provides that “when an appellant desires to present any point which requires a consideration of the oral proceedings ... he shall” serve and file “a notice to prepare a reporter’s transcript.” There are many points which can be made on appeal without consideration of the oral proceedings, and this rule does not foreclose their consideration without a reporter’s transcript. Rule 6 provides that an appeal “may be presented” on an agreed statement, but does not require such a statement. Rule 7 provides that “If, in lieu of a reporter’s tran *Supp. 6 script the appellant desires to set forth the oral proceedings by a settled statement, he shall serve and file a notice so stating. ’ ’ This merely provides a substitute for a reporter’s transcript and is no more mandatory than are the provisions of rule 4 regarding such transcript. None of these rules prevents the submission and decision of an appeal on the judgment roll alone (see Pacific Gas & Elec. Co. v. Scott (1938), 10 Cal.2d 581, 584 [75 P.2d 1054]); indeed, subdivision (f) of rule 5 authorizes this (Cheesman v. Odermott (1951), 106 Cal.App.2d 827, 828 [236 P.2d 211]). Of course, an appellant may find little or no support in the judgment roll for the points he argues; but if so, this is ground for an affirmance, not for a dismissal of the appeal. For these reasons we have refused to dismiss an appeal where the judgment roll appeared in the record.
But this conclusion must be contingent upon the presence of the judgment roll being duly authorized. Buie 13, subdivision (c) of the rules above mentioned provides: “If the appellant shall fail to perform any act necessary to procure the preparation or filing of the record on appeal or shall otherwise fail to prosecute his appeal with diligence, and such failure is the fault of the appellant and not of any court officer or any other party, the appeal may be dismissed by the reviewing court on motion of the respondent or on its own motion.” Where appellant has failed to give any notice necessary to procure the preparation of the judgment roll as a record, and, as here, no sort of excuse for his failure is presented, clearly the fault is his own and not that of any court officer or other party, so our question here comes down to this, is the notice to the clerk, provided for by rule 5, necessary to the preparation or filing of the record on appeal, as far as the judgment roll is concerned Í For some time the clerks of the municipal courts in this county have been following the practice of sending the judgment roll to this court on every appeal from a judgment, even though no notice has been given under rule 5 and no proceedings have been taken under rule 6. This practice has not hitherto been challenged by a motion to dismiss an appeal, and this court has never passed on its propriety. But now the question is directly presented to us by respondents’ motion to dismiss, and must be decided.
We regard the practice as unauthorized by the rules, and the default of the appellants in failing to give the notice as a proper ground for dismissal under rule 13(c), above quoted.
*Supp. 7 Rule 5(a) of the rules above mentioned provides that “within 10 days after filing the notice of appeal, the appellant shall serve on the respondent and file with the clerk of the municipal court a notice designating the papers or records on file or lodged with the clerk, including the clerk’s minutes and any written opinion of the municipal court and exhibits either admitted in evidence or rejected, and any notices, affidavits, orders, and written instructions given or refused, which he desires incorporated in the record on appeal.” The word “shall” here is mandatory (rule 15(d)). However, rule 6 sets forth an alternative mode of preparing a record, and procedure under it would dispense with compliance with rule 5; but here there was no such procedure.
Rule 5 contains other provisions which seem to have been confusing to the clerks of the trial courts. After requiring, in subdivision (e), that the appellant make arrangements for payment of the cost of preparing the clerk’s transcript as estimated to him by the clerk, the rule, in subdivision (d), directs the clerk, after appellant has arranged for this cost, to prepare a transcript and to include in it the judgment roll, the notice of appeal, and certain other matters “whether designated in the notices or stipulations or referred to in the statements of the parties or not.” It seems to be thought that this dispenses with the necessity of any notice for the preparation of a clerk’s transcript if only the judgment roll is wanted on the appeal. But this is too liberal a construction of the provision. By subdivision (a) of rule 5 every appellant is required to designate what matters he wants in the record, by subdivision (b) the respondent is given the right to designate other matters for the record, and the parties are authorized to substitute a stipulation for both. notices. But time limits are placed on all these acts, and unless appellant arranges for payment of the cost demanded of him by the clerk, his notice is not “effective for any purpose.” (Subd. (e).) In every case there will be some cost for the appellant to pay, for a copy—not the original—of the notice of appeal is one of the papers to be included in every record, though not designated by the parties (subdivisions (d) and (e) of rule 5), and the clerk must make a charge for copying it, as will presently appear. Subdivision (f) of rule 5 also indicates the necessity of appellant’s notice designating papers, etc. by its provision that “Where the appellant has designated only the papers and records constituting the judgment roll, . . . the judgment *Supp. 8 roll shall constitute the record on appeal ...” In denying the motion to dismiss we would be holding, in effect, that the judgment roll constitutes a record on appeal although the condition here specified has not been complied with.
Section 32 of the Municipal Court Act of 1925 (added to that act by Stats. 1951, p. 1863, and amended by Stats. 1951, p. 2808; formerly Pol. Code, § 4300L) directs that the clerk of each municipal court “shall charge” specified fees for “preparing” a copy of any paper “on file in his office” (subds. (o) and (p)) and for “comparing with the original” a copy of any such paper made by another and presented for his certificate (subd. (r)). These services, some of which would be necessary for the completion of every record on appeal, are obviously not included in the services paid for by. the fee of $1.00 which the clerk is directed, by subdivision (f) of the same section, to charge “for certificate and transmitting transcript and papers on appeal.” The last mentioned fee must be the only one intended by the provision of rule 10(a) of the rules above mentioned which requires the appellant, at the time of filing the notice of appeal, to pay “the fee payable to the clerk of the municipal court on appeal.” The amount of any of the other fees above mentioned could not be known or estimated at that time, the contents of the record being then undesignated.
All of these provisions show the necessity for the appellant’s notice to the clerk. Until it is served, the respondent’s time for designating additional record does not begin to run. Until both notices are filed, the clerk cannot estimate the cost of preparing his transcript, failure to arrange for which deprives appellant’s notice of any effect. Until the amount of this estimate is paid, the clerk is not required to begin preparing his transcript. Until this transcript, as well as any other properly required part of the record, has been “completed,” the clerk is not required to transmit the record to the clerk of this court. (Rule 10(a).) In view of this train of events, all depending on the appellant’s notice designating the matters he wishes in the record, it is plain to us that that notice is an “act necessary to procure the preparation or filing [both, in fact] of the record on appeal.”
In Averill v. Lincoln (1944), 24 Cal.2d 761, 764 [151 P.2d 119], the Supreme Court, on consideration of the provisions of Rules on Appeal (from superior courts) regarding preparation of the record, which are substantially the same as those of the above cited rules governing appeals from munici *Supp. 9 pal courts, said: “If the specified time and allowable extensions have elapsed, the appeal will be dismissed under rule 10(a) unless the appellate court grants relief.” (Rule 10(a) is the same as our rule 13(c) above quoted.
If there is any discretion to be exercised in the matter, (as to which Averill v. Lincoln, supra, raises some doubt), we note the facts that here the notice under rule 5 should have been filed not later than March 3, 1952, that notice of the motion to dismiss the appeal was served by mail April 11, 1952, and the motion was heard April 17, 1952, and that appellants have never made any application to this court, under rule 22, for relief from their default in not giving the notice. The failure of appellants to show any excuse for their neglect to give the notice, or to make any effort to be relieved from their default, even after it was called to their attention, is a sufficient reason for exercising our discretion, if we have any, in favor of a dismissal.
The appeal is dismissed.
Bishop, J., and Stephens, J., concurred.