Filed 2/1/22  Lee v. Starwood Retail Partners CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| DAVID LEE, | B308224 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC641558) |
| v. | |
| STARWOOD RETAIL PARTNERS, LLC, et al., | |
| Defendants and Respondents. | |

APPEAL from judgments of the Superior Court of Los Angeles County, Gloria White-Brown, Judge.  Affirmed in part and dismissed in part.

First Law Group and Eric A. Forstrom for Plaintiff and Appellant.

Wilson Elser Moskowitz Edelman & Dicker, Steven R. Parminter and Ashan K. Peiris for Defendants and Respondents Plaza West Covina, LP, Starwood Retail Partners, LLC, and Starwood Retail Property Management, LLC.

Chiao & Wu and Sohaila Sagheb for Defendant and Respondent Professional Security Consultants.

_____

Plaintiff David Lee fell and injured his left arm while testing a hoverboard at a mobile kiosk space located within the Plaza West Covina mall.  In addition to the kiosk owner (Kimberly Galicia dba Skyglider), Lee filed suit against mall owners and managers Plaza West Covina, LP, Starwood Retail Partners, LLC, and Starwood Retail Property Management, LLC (Starwood) and the mall security company, Professional Security Consultants (Professional Security) for general negligence and premises liability.

Following a motion hearing, the trial court entered summary judgment in favor of Starwood and Professional Security, concluding that Lee had not raised a disputed issue of material fact that either party breached a duty to Lee or had actual or constructive knowledge that Skyglider's hoverboard operation created a dangerous condition.  On appeal, Lee faults these rulings.  During the pendency of this appeal, however, Lee requested a dismissal as to Professional Security.  We grant this request, dismiss the appeal as to Professional Security, and proceed as to Starwood.

The duty to take protective measures requires balancing the foreseeability of harm against the burden and utility of any proposed measures.  Because an owner or operator of a premises is not the insurer of a visitor's personal safety, actual or constructive knowledge of a dangerous condition is required to impose liability.  Constructive knowledge requires that the

2

dangerous condition was present for a sufficient period of time that a reasonably prudent person would have discovered it.

Under the contract between Skyglider and Starwood, customers were supposed to test the hoverboards on two preapproved carpeted areas within the kiosk space. Lee's injury occurred outside of these approved areas. Moreover, at the time Lee fell off the hoverboard, Skyglider had been open for business for less than eight total hours. Unsurprisingly, in that short span of time there had been no previously reported incidents or injuries.

Lee's evidence that Starwood previously had "issues" with people riding their own hoverboards at the mall is too vague to create a material dispute as to whether *Skyglider's kiosk operations* created a foreseeable risk of harm or dangerous condition. Lee also cannot use admissions that were deemed by the trial court to be admitted, based upon Galicia's failure to respond, against Starwood. It is well recognized that admissions are established and binding only as to the responding party.

In short, none of the proffered evidence creates a dispute of material fact with respect to a breach of duty or the foreseeability of harm of an alleged dangerous condition. Accordingly, we affirm the judgment in favor of Starwood.

## BACKGROUND

### A.   Factual Summary

On October 3, 2015, Starwood owned and operated the Plaza West Covina mall, which included approximately 175 stores as well as several permanent and temporary kiosks. Generally, kiosks were prohibited from selling or displaying goods beyond a two-foot perimeter or beyond arm's-length of the kiosk. Additionally, under the mall's code of conduct,

3

skateboarding, rollerblading, and "horseplay" were not permitted in the common areas of the mall.

Starwood contracted with Professional Security to provide security services at the mall. In October 2015, five to six Professional Security guards patrolled the mall per shift. Their duties included enforcing property rules, regulations, and the code of conduct, and reporting infractions and hazards, including slip and fall hazards, to mall management. In October 2015, Professional Security was aware that mall patrons sometimes would ride their own hoverboards on the premises.

Starwood management also regularly patrolled the mall to prevent, inter alia, violations of the code of conduct and the two-foot rule.

On September 4, 2015, Galicia entered into a "license agreement" for a temporary, mobile kiosk space at the mall, known as a retail merchandising unit, for her Skyglider business. Under the agreement, Galicia was provided with "approximately 54 square feet," including two six feet by three feet "pre-approved" carpeted areas where "[e]mployees may demonstrate and customers may test the [two-wheel self-balancing] scooters." Mall management advised Professional Security that Skyglider customers were permitted to try the hoverboards on these carpeted areas. The agreement did not permit customers to ride hoverboards anywhere other than the carpeted areas.

Under the agreement, Skyglider was permitted to start business operations as early as September 24, 2015. In the trial court, however, no party disputed that Skyglider first opened for business on October 3, 2015, and that the incident occurred no more than seven to eight hours after Skyglider opened.

4

On October 3, 2015, at approximately 5:20 p.m., Lee approached the Skyglider kiosk and decided to ride a hoverboard. The Skyglider employee held one or both of his hands for approximately 20 seconds. After she let go, Lee expressed that he wanted to dismount. She instructed him to "hop off," and as he tried to do so, he fell backwards onto tile[1] and injured his left forearm.

Professional Security responded to the incident and prepared an incident report. Professional Security observed there were no liquids or other obstacles on the ground that related to Lee's fall.

Pursuant to custom and practice, if Professional Security had observed a licensee violate the mall rules or engaged in prohibited behavior, it likely would have reported the infraction to mall management and generated documentation reflecting the infraction. There are no documents suggesting Professional Security made any report relating to Skyglider, or that mall management advised Professional Security that Skyglider failed to comport with the restrictions as to where the hoverboards could be ridden. Professional Security's "patrol logs" for October 3, 2015, which include notations concerning a number of incidents at the mall, do not indicate any issue with Skyglider until Lee's fall.

---

[1] Lee testified at deposition that he fell on the tile, and photographs in the record show him riding the hoverboard beyond the carpeted area.

## B.    Procedural History

On December 5, 2016, Lee filed a complaint against Galicia[2] and Plaza West Covina for negligence and premises liability. In 2018, Lee filed amendments to his complaint to name the remaining Starwood defendants and Professional Security as defendants.[3]

Professional Security and Starwood filed motions for summary judgment relating to Lee's complaint. In granting Starwood's motion, the trial court reasoned that Lee failed to create a triable issue of material fact that Starwood had actual or constructive knowledge of a dangerous condition on the property or any knowledge that Skyglider had violated its license agreement restrictions that the hoverboards be operated only on the preapproved carpeted areas. The trial court also observed that the public riding hoverboards in the mall did "not have relevance to the incident that occurred at the kiosk." On August 6, 2020, the trial court dismissed Starwood from Lee's complaint with prejudice and entered judgment in its favor as to Lee's complaint.

The trial court also granted Professional Security's motion for summary judgment. On August 20, 2020, the trial court

---

[2] Although Galicia, dba Skyglider, has not filed an answer to the complaint or Starwood's cross-complaint, neither Lee nor Starwood has sought to have the trial court enter default against her.

[3] On February 8, 2017, Plaza West Covina filed a cross-complaint against Galicia. In December 2019, Starwood filed a second amended cross complaint, in which it named Professional Security as a cross-defendant.

6

dismissed Professional Security from Lee's complaint with prejudice and entered judgment in its favor as to Lee's complaint.

Lee timely filed this appeal. As previously noted, while the appeal was pending, Lee requested dismissal of the appeal as to Professional Security. Accordingly, we dismiss Professional Security from the appeal, and proceed as to Starwood, only.

## DISCUSSION

### A. Standard of Review

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.) "[T]he party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Id.* at p. 850, fn. omitted.) A defendant can meet this burden by "present[ing] evidence which, if uncontradicted, would constitute a preponderance of evidence that an essential element of the plaintiff's case cannot be established." (*Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 879.) "Once the [defendant] has met that burden, the burden shifts to the [plaintiff] to show that a triable issue of one or more material facts exists as to the cause of action." (Code Civ. Proc., § 437c, subd. (p)(1) & (2); see *Aguilar v. Atlantic Richfield Co.*, *supra*, at p. 850.) A triable issue of material fact exists when "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, *supra*, at p. 850, fn. omitted; see *Webster v. Claremont Yoga* (2018) 26 Cal.App.5th 284, 287-288.)

7

"We review an order granting summary judgment de novo, 'considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained.' [Citation.]" (*Sakai v. Massco Investments, LLC* (2018) 20 Cal.App.5th 1178, 1183.) " 'In performing our de novo review, we must view the evidence in a light favorable to [the] plaintiff as the losing party [citation], liberally construing [his or] her evidentiary submission while strictly scrutinizing [the] defendants' own showing, and resolving any evidentiary doubts or ambiguities in [the] plaintiff's favor.' [Citation.]" (*Ibid*; see *Webster v. Claremont Yoga*, *supra*, 26 Cal.App.5th at p. 288.)[4]

---

[4] Starwood argues we should dismiss the appeal because Lee did not include the reporter's transcript of the proceedings in the appellate appendix. Although the better practice would have been to include the summary judgment hearing transcripts, the absence of them does not render the record inadequate. (See Cal. Rules of Court, rule 8.120(b) ["*If* an appellant intends to raise any issue that *requires* consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings" (italics added)].) Courts decide summary judgment motions based on evidence contained in the written record, not live testimony. Further, the trial court's reasoning is sufficiently stated in the two several-page rulings on defendants' motions. (*Schein v. Holbrook* (1952) 111 Cal.App.2d Supp. 972, 973 ["There are many points which can be made on appeal without consideration of the oral proceedings[; Cal. Rules of Court, rule 8.120] does not foreclose their consideration without a reporter's transcript"].) Thus, we will consider the appeal on the merits.

**B. Lee Has Not Demonstrated a Dispute of Material Fact**

"The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury. [Citation.] The elements of a cause of action for premises liability are the same as those for negligence: duty, breach, causation, and damages." (*Castellon v. U.S. Bancorp* (2013) 220 Cal.App.4th 994, 998; see *Annocki v. Peterson Enterprises, LLC* (2014) 232 Cal.App.4th 32, 37 ["Those who own, possess, or control property generally have a duty to exercise ordinary care in managing the property in order to avoid exposing others to an unreasonable risk of harm"].)

"[F]oreseeability is a 'crucial factor' in determining the existence and scope of a legal duty."[5] (*Delgado v. Trax Bar & Grill*, *supra*, 36 Cal.4th at p. 237, citing *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 676, disapproved on other grounds in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527, fn. 5.) "As our Supreme Court explained in *Ann M. v. Pacific Plaza Shopping Center*[, *supra*, at p.] 679, the duty to take particular security measures is determined by 'a balancing of "foreseeability" of the [wrongful] acts against the "burdensomeness, vagueness, and efficacy" of the proposed

---

[5] "The existence and scope of a duty are questions of law for the court's determination, and foreseeability is a critical factor in the analysis. When foreseeability is analyzed to determine the existence or scope of a duty, foreseeability is also a question of law." (*Ericson v. Federal Express Corp.* (2008) 162 Cal.App.4th 1291, 1300, citing *Delgado v. Trax Bar & Grill* (2005) 36 Cal.4th 224, 237.)

9

security measures.' " (*Roe v. McDonald's Corp.* (2005) 129 4 Cal.App.4th 1107, 1119.)

Additionally, "[b]ecause the owner is not the insurer of the visitor's personal safety [citation], the owner's actual or constructive knowledge of the dangerous condition is a key to establishing its liability. Although the owner's lack of knowledge is not a defense, '[t]o impose liability for injuries suffered by an invitee due to [a] defective condition of the premises, the owner or occupier "must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises. . . ." ' [Citation.]" (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1206.)

Lee claims Starwood had a duty to patrol the mall, identify and correct hazards and infractions, and "[a]t the very least, . . . should have more closely monitored Sky[g]lider's [kiosk], posted warning signs advising mall patrons of the 'hoverboarding' activity, and promptly issued citations whenever the 'arm's length' rule was violated." He contends that by failing to do so and not enforcing the mall's no-skating rule against Skyglider, Starwood created a dangerous condition and unreasonable risk of injury.

Starwood did not have a duty to provide additional or heightened safety or security measures relating to Skyglider because Lee's accident was not reasonably foreseeable to Starwood nor was it on notice of a dangerous condition created by Skyglider's business. Starwood contractually required Skyglider to limit the operation of its hoverboards to the carpeted areas

10

adjacent to the kiosk.[6]  There is nothing in the record to suggest that defendants should have reasonably inferred that Skyglider would breach this term.[7]  At the time of Lee's accident, Skyglider had been open for approximately seven hours.  There is no evidence that, in that short span of time, any other Skyglider customer rode a hoverboard outside the carpeted area or that there were even any Skyglider customers other than Lee and his daughter.  Thus, Lee has failed to demonstrate that Starwood had an opportunity to become aware of Skyglider's purported failure to adhere to its license agreement terms.  Nor is there evidence that Starwood, independently or though its security service, Professional Security, failed to perform its customary patrolling of the mall that day.

---

[6] During oral argument, Lee suggested that Starwood should not have permitted Skyglider to operate as a kiosk shop at all, observing that the preapproved carpeted area was not large enough to permit customers to test the hoverboards.  Because Lee did not submit evidence on this issue or develop this argument in the trial court (or before this court), we do not address it in our opinion.

[7] " ' "The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he is not exposed to danger which comes to him only from violation of law or duty by such other person." ' " (*Bogner v. Eubanks* (1955) 137 Cal.App.2d 181, 184.)  " 'However, an exception should be noted:  The rights just defined do not exist when it is reasonably apparent to one, or in the exercise of ordinary care would be apparent to him, that another is not going to perform his duty.' " (*Id.* at pp. 185-186.)

Lee maintains that the testimony of Professional Security's director of security to the effect that, prior to the date of the incident, the mall was having "issues" with people riding hoverboards on the property, creates a triable issue of material fact as to Starwood's knowledge of the alleged dangerous condition. We do not agree. Such testimony is too vague to create a relevant dispute material fact. For example, that mall patrons brought their own hoverboards to the mall and rode them without injury does not demonstrate foreseeable injury to Skyglider's patrons or demonstrate that Skyglider would permit *its own patrons* to ride its hoverboards anywhere other than the contractually-approved areas.

Next, Lee argues certain requests for admissions propounded on Galicia that the trial court deemed admitted create a dispute of material fact. These requests include admissions relating to Starwood's alleged acts and omissions, such as "[a]dmit [Starwood] failed to manage, maintain, and operate the real property to avoid dangerous conditions." Thus, Lee seeks to employ these admissions to demonstrate Starwood's liability. He may not do so.

Admissions are established and binding only as to the responding party. (Code Civ. Proc., § 2033.410 ["(a) Any matter admitted in response to a request for admission is conclusively established against the party making the admission in the pending action . . . . [¶] (b) Notwithstanding subdivision (a), any admission made by a party under this section is binding only on that party . . ."].)

Lee also argues that the "commencement date" of September 24, 2019, of Skyglider's license agreement creates a triable issue of material fact as to Starwood's notice of the alleged

12

dangerous condition.  Not so.  The contractual commencement date is not evidence that Skyglider actually started providing the hoverboards to the public before October 3, 2015—only that it could have done so.  Starwood presented evidence that Skyglider actually started operations on October 3, 2015, and Lee has not presented evidence to contradict this.[8]

Accordingly, Lee has not demonstrated a genuine dispute of material fact relating to his claims against Starwood.

---

[8] Professional Security filed its motion for summary judgment on August 15, 2019.  Lee filed his opposition, including his response to Professional Security's separate statement of undisputed facts on January 2, 2020.  In that response, Lee indicated the fact that Skyglider started business operations on October 3, 2015, was "undisputed."  On appeal, Lee contends that his counsel could not access the physical file to point out the September 24, 2015, commencement date because of the Covid-19 pandemic.  However, the Governor did not issue stay at home orders until March 19, 2020, two months after Lee failed to dispute this fact.  (See https://www.gov.ca.gov/2020/03/19/governor-gavin-newsom-issues-stay-at-home-order/ [as of Jan. 31, 2022]; Evid. Code, § 452, subd. (c).)  In his response to Starwood's separate statement, Lee repeated that this fact was undisputed.  Even if Lee's counsel had access to the license agreement, as we describe in the body of the opinion, this evidence is unavailing.

**DISPOSITION**

We affirm the trial court's August 6, 2020, judgment relating to Starwood.

We dismiss Lee's appeal as to Professional Security.

Each party is to bear their own costs on appeal.

NOT TO BE PUBLISHED

CRANDALL, J.*

We concur:


ROTHSCHILD, P. J.


BENDIX, J.

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.